ANTOON, Judge.
Noelvil Soirelus (defendant) appeals his conviction and sentence for trafficking in cocaine,[1] arguing that the trial court erred in refusing to instruct the jury that, in order to convict, it must find that the defendant had knowledge of the illicit nature of the substance. We affirm.
The defendant was a passenger in an automobile stopped by a sheriff’s deputy. After issuing a traffic citation and receiving conflicting stories from the occupants regarding their origin of travel, the deputy asked to search the ear. The driver gave consent. As the deputy began the search, he noticed a gym bag on the floorboard of the passenger side, pushed up against the seat. When the defendant and the driver noticed the deputy focusing on the gym bag, they quickly ran from the scene. Inside the bag was over 400 grams of cocaine packaged in small Baggies.
The defendant was subsequently charged with trafficking in cocaine. At trial, the defendant requested that the trial court instruct the jury that, in order to convict, the state was required to prove that the defendant knew that the substance in the gym bag was cocaine. The trial court rejected the defendant’s request, concluding that the standard jury instruction for trafficking was legally sufficient.
On appeal, the defendant contends that, under Chicone v. State, 684 So.2d 736 (Fla. 1996), the trial court erred in refusing to read the requested jury instruction.[2] Specifically, the defendant relies on our supreme court’s holding in Chicone that, following a specific request by the defendant, the trial court must “expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed.” Id. at 745-746. However, the instant facts differ materially from the facts in Chicone, and thus, the ruling in Chicone is not dispositive. In this regard, unlike the standard jury instruction for possession of a controlled substance,[3] the underlying charge in Chicone, the standard trafficking instruction given in this case contains the element of scienter:
Trafficking in Cocaine F.S. § 893.135(l)(b)lc
Before you can find the defendant guilty of Trafficking in Cocaine in a quantity of *575 400 grams but less than 150 kilograms, the test must prove the following four elements beyond a reasonable doubt:,
1. The defendant knowingly possessed a certain substance.
2. The substance was cocaine or a mixture containing cocaine.
3. The quantity of the substance involved was 400 grams or more.
4. The defendant intended to possess cocaine or a mixture containing cocaine.
(Emphasis added). The standard instruction given by the trial court in the instant case was sufficient because paragraph 4 of the trafficking instruction establishes that the element of scienter is required in order to convict a defendant for the crime of trafficking in cocaine.
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.

. § 893.135(l)(b)lc, Fla.Stat. (1993).

. The defendant raises three additional claims of error: (1) The trial court erred in denying his motion for judgment of acquittal; (2) the trial court improperly commented on the evidence in the presence of the jury; and (3) the trial court erred in failing to give a jury instruction on constructive possession, his theory of defense, pursuant to Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). Claims 1 and 3 lack merit, and claim 2 was not properly preserved for appellate review.

.Drug Abuse-Possession in F.S. § 893.13(l)(f)
Before you can find the defendant guilty of (crime charged), the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) possessed a certain substance.
2. The substance was (specific substance alleged).
3. (Defendant) had knowledge of the presence of the substance.