825 So.2d 418 (2002)
Charles BOYER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3714.
District Court of Appeal of Florida, First District.
May 9, 2002.
Rehearing Denied July 10, 2002.
Teresa J. Sopp, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; and Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals his conviction for second-degree murder on two grounds: (1) *419 that the trial court erred by excluding the testimony of expert witness Dr. Richard Ofshe, and (2) by denying Appellant's request for a juror interview. We affirm the second ground without discussion. On the first ground, Appellant argues the trial court reversibly erred by excluding the expert testimony of Dr. Ofshe, an expert on interrogation techniques and false confession phenomena, because Dr. Ofshe's testimony went to the heart of Appellant's defense that his confession is false. The State argues the trial court is in the best position to evaluate the admissibility and relevancy of this testimony, and properly excluded the testimony after reviewing the proffer. We agree with Appellant and reverse and remand for a new trial.
Appellant filed a motion to suppress his confession on grounds that it was given when he was mentally and physically debilitated from an extended bout of drinking and, thus, it was not freely, knowingly, and voluntarily made. The motion was denied. Appellant then sought to present the testimony of Dr. Ofshe regarding a phenomenon that causes innocent people to confess to a criminal offense; police techniques that secure false confessions under certain circumstances; and his explanation of the parameters within which one can evaluate a confession to determine its veracity. The trial court found Dr. Ofshe met the requirements of an expert witness under Frye v. United States, 293 F. 1013 (D.C.Cir.1923).[1] However, the trial court excluded the testimony, finding it would not assist the jury in understanding any facts at issue in the case. The court concluded that if Dr. Ofshe testified that false confessions were obtained when certain tactics or techniques of interrogation were present, the State, in rebuttal, would introduce expert testimony that true confessions were obtained also when the same tactics and techniques were present. The court determined such testimony would lead the jury to speculate to reach a decision it could have made without such testimony. In so doing, the trial court erred.
"Expert testimony should be excluded when the facts testified to are of such nature as not to require any special knowledge or experience in order for the jury to form its conclusions." Johnson v. State, 438 So.2d 774, 777 (Fla.1983). However, the trial court is not compelled to exclude the expert just because the testimony may cover matters within the average juror's comprehension. See United States v. Hall, 93 F.3d 1337,1342 (7th Cir. 1996). Even though the jury may have beliefs about the subject, the question is whether those beliefs are correct. See id. at 1345.
The facts in Hall are very similar to those here. In Hall, as in this case, the defendant signed a written confession prepared by investigators for his signature. Defense counsel there attempted to introduce the testimony of Dr. Ofshe, the same witness here. The trial court excluded the testimony, in part, based on its finding that it would add nothing to what the jury would know from common experience. See id. at 1341-1345. The Seventh Circuit reversed on reasoning with which we agree and adopt herein.
The Hall court held that once the court decided the confession was voluntary, "the jury was entitled `to hear relevant evidence on the issue of voluntariness and [the trial judge was to] instruct the jury to *420 give such weight to the confession as the jury feels it deserves under all the circumstances.'" Id. at 1344, quoting 18 U.S.C. § 3501. Had Dr. Ofshe's testimony been admitted, it "would have let the jury know that a phenomenon known as false confessions exists, how to recognize it, and how to decide whether it fit the facts of the case being tried." Id. at 1345. It is for the jury to determine the weight to give to Dr. Ofshe's testimony, and to decide whether they believed his theory or "the more commonplace explanation that the confession was true." Id., citing 18 U.S.C. § 3501.
Because in this case, as in Hall, Dr. Ofshe's testimony "went to the heart" of Appellant's defense, its exclusion cannot be considered harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, Appellant's conviction is VACATED, and the case REMANDED for a new trial, allowing the admission of Dr. Ofshe's testimony.
ERVIN and VAN NORTWICK, JJ., concur.
NOTES
[1] At the time of Appellant's trial, Dr. Ofshe had been recognized as an expert and had testified on the effects of police interrogation on approximately 134 occasions, and had conducted lectures and training sessions for the Florida Supreme Court and Florida Circuit Court judges.