POLEN, J.
We grant appellee’s motion for rehearing in part, withdraw our previously issued opinion of May 19, 2004, and substitute the following in its place.
This appeal arises out of a conviction for trafficking and conspiracy to traffic cocaine. The Appellant, Gena Delice, was charged by information for the events that culminated on May 19, 2000. Delice challenges the trial court’s jury instruction for trafficking in cocaine, the exclusion of testimony by her expert witness, and the denial of her motion for judgment of acquittal based on objective and subjective entrapment. We reverse and remand for the reasons that follow.
Deliee and her son-in-law, Patrick Joseph, were involved in an undercover sting operation involving two detectives and a confidential informant (C.I.). The C.I. re *467 ceived information that Delice had people interested in purchasing a large quantity of cocaine. Over the course of several recorded telephone conversations, Delice set up the transaction. Delice discussed price and revealed her incentive to complete the deal to show the C.I. that she could move the cocaine. When Delice indicated that she was ready to proceed with the transaction and that her buyer was interested in two kilos but would take one and try it out first, a location for the exchange was set. When the actual transaction finally took place, Deliee approached a vehicle in which one of the detectives and the C.I. occupied. Upon entering the vehicle, Delice asked to see the package and proceeded to sample it to test its purity or quality. Delice then exited the vehicle to retrieve the money and returned to complete the deal. After the exchange was made, Delice mentioned something about setting up another transaction at a later date. After the deal was completed, the arrests were effectuated.
At trial, the State introduced the recorded telephone conversations between Delice and the police as well as a videotape of the actual transaction. Additionally, the State introduced the testimony of the two detectives. The C.I., however, did not testify due to his unknown whereabouts. After the State rested, Delice moved for judgment of acquittal on the basis that the State failed to prove the charges beyond every reasonable doubt, and specifically that the State failed to prove that Delice knew that the substance was cocaine. This motion was denied.
Thereafter, Delice presented her defense. Delice testified in her own defense that when she met the C.I. she explained to him that she suffered from depression and was unhappily married, for which she was seeing a psychiatrist. Delice claimed that the C.I. promised to take care of her and her family if she could help him sell the cocaine. At some point, Delice and the C.I. were allegedly in a hotel room whereupon Delice claimed she was raped. Delice’s defense at trial was that she feared the C.I. as a result of the rape and further that she was particularly susceptible to inducement as a result of her depression. Delice also wished to have her psychiatrist testify in support of her entrapment defense. The trial court, however, was concerned that the proffered testimony actually addressed diminished capacity and ultimately ruled the testimony was irrelevant and inadmissible.
Delice rested and renewed her motion for judgment of acquittal on the basis that the State did not prove that Delice knew that the package’s contents contained cocaine. The trial court again denied this motion. The jury instructions specified that the State had to prove four elements beyond a reasonable doubt: (1) Delice knowingly purchased a substance; (2) the substance was cocaine; (3) the quantity of cocaine was twenty-eight grams or more; and (4) Delice knew the substance was cocaine. The trial court also instructed the jury on the defense of entrapment. The jury ultimately found Delice guilty as charged on both counts and she was sentenced to fifteen years on each count to . run concurrently.
We first address the trial court’s jury instructions. “The offense of possession of a controlled substance include[s] not only knowledge that the substance was in the defendant’s possession, but also knowledge of the illicit nature of the substance.” Blunt v. State, 831 So.2d 770, 771 (Fla. 4th DCA 2002). Even when an instruction regarding guilty knowledge of the illicit nature of the substance is not requested, it is error if the trial court fails to give such an instruction. Id.; see Scott v. State, 808 So.2d 166 (Fla.2002); Chicone *468 v. State, 684 So.2d 736 (Fla.1996). The trial court instructed the jury, in relevant part, that the State must prove that Delice “knew the substance was cocaine or a mixture containing cocaine.” The State contends that the above instruction was inclusive of the guilty knowledge of the illicit nature element. We agree. In Garcia v. State, 704 So.2d 1133, 1134 (Fla. 4th DCA 1998), this court held:
Unlike the standard jury instruction for possession, the standard instruction for trafficking in cocaine sufficiently charges the jury with the element of scienter. It instructs the jury that the defendant must have knowingly possessed a certain quantity of cocaine and intended to possess cocaine or a mixture containing cocaine. Therefore, it was not error to -deny the requested additional instruction. See Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 86, 87 (Fla.1997) (amending the standard instruction for possession to conform to Chicone, but not amending the trafficking instruction); see also Soirelus v. State, 698 So.2d 573 (Fla. 5th DCA 1997).
Delice also challenges the trial court’s exclusion of her expert witness, Dr. Joe Poitia, who proffered testimony that Delice exercised poor judgment and was easily induced. Specifically, Poitia opined that Delice suffered from depression and that her psychotic features would result in an abnormal reaction to being raped leaving her susceptible and easily influenced. Additionally, Poitia believed that Delice was sensitive to environmental and relationship stresses. Delice contends that the purpose of this testimony was not to address diminished capacity but rather to show that she was vulnerable to inducement, thereby supporting her primary defense of entrapment.. We find the exclusion of this testimony to be in error. See Boyer v. State, 825 So.2d 418 (Fla. 1st DCA 2002). Therefore, we reverse and remand for a new trial. Poitia’s testimony should be admitted, but with a limiting instruction that this testimony does not tend to prove diminished capacity but rather is relevant to establish a vulnerability to subjective entrapment, assuming Deliee is not otherwise predisposed.
Delice’s final issue on appeal is that the trial court erred by denying her motion for judgment of acquittal because she was both objectively and subjectively entrapped. With respect to objective entrapment, we find Delice’s allegation of rape to be unsubstantiated and believe this to be a jury question. With respect to subjective entrapment, we see evidence of predisposition, yet hold that this too is a question for the jury. Therefore, we find no error with the trial court’s denial of the motion for judgment of acquittal. However, on remand, Delice is free to again assert these arguments. As to Delice’s remaining issues, we find them to be unpersuasive and decline to address them individually.
REVERSED and REMANDED.
HAZOURI and MAY, JJ., concur.