ROTHENBERG, J.
V.C. appeals an order withholding adjudication of delinquency and placing her on one year probation for felony battery. Because felony battery is not a category one, necessarily lesser included offense of aggravated battery with a deadly weapon, and the charging document failed to allege the requisite elements of felony battery, we reverse.
The State filed a petition for delinquency alleging that V.C. committed an aggravated battery by using a deadly weapon pursuant to section 784.045(l)(a)(2), Florida Statutes (2009). Prior to trial, V.C.’s attorney moved to suppress V.C.’s statements to law enforcement. The motion was denied and the trial court conducted an adjudicatory hearing. The evidence introduced at the adjudicatory hearing was that V.C. became involved in a fight with another girl, which escalated into a melee involving approximately fourteen other girls, and in the process V.C. cut the victim with a razor blade. At the conclusion of the hearing, the trial court concluded that the evidence was insufficient to find that V.C. had committed an aggravated battery, the charged offense, but did support a felony battery adjudication under section 784.041, a lesser included offense of aggravated battery. See § 784.041, Fla. Stat. (2009).
V.C. contends that the trial court erred in restricting the testimony of her expert witness, Dr. Klein, regarding the volun-tariness of her pretrial statements; allowing the State to introduce her pretrial statements at the adjudicatory hearing; and finding her guilty of the uncharged crime of felony battery.
We briefly address V.C.’s first two arguments. Section 90.704, Florida Statutes (2009), provides that an expert may base his or her opinion on facts made known to him or her at or before trial. And although the statute specifically authorizes opinions based on evidence the expert did not personally observe, see Dor *833 bad v. State, 12 So.Sd 255, 257 (Fla. 1st DCA 2009), such testimony “should be excluded when the facts testified to are of such nature as not to require any special knowledge or experience in order for the jury to form its conclusions.” Id. at 258 (quoting Boyer v. State, 825 So.2d 418, 419-20 (Fla. 1st DCA 2002)).
In determining whether the trial court erred in limiting Dr. Klein’s testimony, we note that the abuse of discretion standard applies to rulings regarding the admissibility of expert testimony. Rodriguez v. State, 413 So.2d 1303, 1304 (Fla. 3d DCA 1982). The record reflects that Dr. Klein was permitted to testify at length about: the results of the tests she administered to V.C.; her interview of V.C.; and her assessment of V.C.’s intellect. Further, Dr. Klein was permitted to opine as to whether she believed V.C. knowingly, intelligently, and voluntarily waived her rights prior to being interrogated by law enforcement. Because the additional testimony she may have provided was not of such a nature as to require special knowledge or experience, especially where the issues were tried before the judge rather than a jury, we do not find the trial court abused its discretion in limiting the scope of the testimony. We also conclude that there was competent substantial evidence to support the trial court’s finding that, based on the totality of the circumstances, V.C. knowingly, intelligently, and voluntarily waived her rights per Miranda[1] pri- or to agreeing to provide her oral and written statements to the police.
Although we conclude that V.C.’s statements were properly admitted at trial and the trial court did not abuse its discretion in limiting Dr. Klein’s testimony, we agree with V.C. that the trial court erred in withholding adjudication of delinquency as the offense of felony battery as a lesser included offense of aggravated battery.
Instruction 8.4 of the Florida Standard Criminal Jury Instructions, as summarized below, provides that to prove the crime of aggravated battery, the State must prove the following two elements beyond a reasonable doubt. The first element is a definition of battery.
1. The defendant
a. intentionally touched or struck the victim against his/her will, or
b. intentionally caused bodily harm to the victim.
2. The defendant in committing the battery
a. intentionally or knowingly caused permanent disability or permanent disfigurement to the victim, or
b. used a deadly weapon
The petition for delinquency charged V.C. with committing an aggravated battery upon the victim “by actually and intentionally striking and/or cutting [the victim] about the back and/or body, with a deadly weapon, to wit: a razor blade and, or any sharp object,” which is the form of aggravated battery listed in 2b of instruction 8.4 of the standard jury instruction for aggravated battery. Felony battery is a lesser offense of aggravated battery. See Fla. Std. Jury Instr. (Crim.) 8.4.
Category one necessarily included lesser offenses are treated differently than category two permissive lesser included offenses. Category one lesser offenses are necessarily included in the offense charged and only require proof to support a conviction for the lesser included offense. In contrast, category two lesser included offenses require, in addition to sufficient proof to support a conviction of the lesser included offense, that the accusatory pleading allege the necessary elements of *834 the lesser included offense. I.T. v. State, 694 So.2d 720, 723-24 (Fla.1997); see also J.O. v. State, 42 So.3d 803, 804 (Fla. 3d DCA 2010) (“A conviction based upon a category two lesser-included offense is sustainable over a proper objection only if: (1) the charging document includes all of the elements of the lesser; and (2) the evidence admitted would support a conviction on the lesser.”) (footnote omitted); Lester v. State, 25 So.3d 623, 625 (Fla. 3d DCA 2009) (affirming Lester’s conviction for aggravated battery, a permissive lesser included offense of second-degree murder, because the information sufficiently alleged the elements of aggravated battery and the evidence supported the uncharged crime).
Although instruction 8.4 of the Florida Standard Criminal Jury Instructions provides that felony battery is a category one lesser included offense of aggravated battery, which would normally only require sufficient evidence at trial to support a conviction of the uncharged lesser offense, in the commentary that follows, albeit in fine print, it specifies that “[t]he lesser included offense of Felony Battery is only applicable if element 2a [permanent disability or permanent disfigurement] is charged and proved.” (emphasis added). Because 2b (with a deadly weapon) was charged, not 2a (permanent disability or permanent disfigurement), V.C. could not be adjudicated delinquent as to the uncharged felony battery as a lesser included offense of the charged offense of aggravated battery.
 This finding, however, does not end our analysis, as the State contends that because V.C. failed to object to the trial court’s pronouncement, the error was not properly preserved for appellate review. As the State correctly argues, the contemporaneous objection rule requires that absent an objection at trial, the alleged error can be raised on appeal only if fundamental error has occurred. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991). For error to be so fundamental that it may result in a reversal on appeal, though not properly preserved below, it must amount to a denial of due process. Ray v. State, 403 So.2d 956, 960 (Fla.1981).
Instructing a jury or convicting a defendant on an erroneous lesser offense does not necessarily constitute fundamental error. Ray, 403 So.2d at 960. In Ray, the Florida Supreme Court found:
[I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.
Id. at 961 (footnote omitted). Although felony battery is an offense that is lesser in degree and penalty than aggravated battery, because we conclude that V.C. did not have an opportunity to object to the trial court’s consideration of felony battery as a lesser included offense or to the trial court’s pronouncement adjudicating her delinquent of felony battery, and defense counsel did not request consideration of or argue the uncharged crime, we find no waiver by V.C. and that fundamental error occurred.
V.C.’s trial counsel did not have an opportunity to object to the trial court’s finding because, as this was a juvenile proceeding and the case was tried to the court rather than to a jury, no jury instructions were prepared. Additionally, the record reflects that V.C. did not request that the trial court consider any lesser included offenses, neither side argued that the evidence supported a finding that V.C. committed a felony battery, and V.C. took no *835 action that in any way invited the error. Thus, under Ray, fundamental error occurred. See also Williamson v. State, 510 So.2d 335, 337-38 (Fla. 4th DCA 1987), disapproved on other grounds, State v. Sanborn, 533 So.2d 1169 (Fla.1988) (rejecting the State’s argument that the defendant failed to preserve his objection to the lesser included offense where the case was tried non-jury, defense counsel was not presented with a jury charge to object to, and defense counsel did not invite the error).
In conclusion, we find fundamental error and reverse the judgment withholding an adjudication of delinquency as to the lesser included offense of felony battery because: (1) felony battery is a category two permissive lesser included offense of aggravated battery; (2) the accusatory pleading does not plead the requisite elements of felony battery; (3) this was a non-jury trial where defense counsel had no notice based on the charging document, argument by opposing counsel, or comment by the trial court, that V.C. could be subjected to a finding that she committed the uncharged crime of felony battery; and (4) neither V.C. nor defense counsel invited the error.
We therefore instruct the trial court to vacate the delinquency finding as to felony battery and to enter a withhold of adjudication of delinquency as to the necessarily included lesser offense of simple battery. See § 924.34, Fla. Stat. (2010) (“When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.”); see also Gould v. State, 577 So.2d 1302, 1305 (Fla.1991) (“quashfing] that part of the district court decision directing the trial court to adjudicate Gould guilty” of sexual battery, and “remand[ing] with instructions that district court instruct the trial court to adjudicate Gould guilty of simple battery, as the only necessarily included lesser offense supported by the evidence”) (footnote omitted). We note that V.C.’s appellate counsel properly conceded that this Court had the authority to vacate V.C.’s withhold of adjudication of delinquency as to aggravated battery and to direct the trial court to enter a withhold of adjudication of delinquency as to simple battery.
We specifically recommend that the Criminal Jury Instruction Committee submit a modification to jury instruction 8.4 to clearly reflect that felony battery is only a lesser included offense to aggravated battery if the charging document charges that the defendant, in committing the battery, intentionally caused permanent disability or permanent disfigurement as charged in section 784.045(2)(a), because the instruction, as written, is misleading.
Affirmed in part; reversed in part; and remanded with directions.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).