PALMER, J.
Gregory Lebrón (defendant) appeals the order entered by the trial court denying his motion seeking postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Concluding that grounds 5, 7, 20, and 21 were summarily denied in error and that ground 16 was not ruled upon while the trial court had jurisdiction, we reverse as to these grounds. In all other respects, we affirm.
The standard of review of a summary denial of a rule 3.850 motion is de novo. See McLin v. State, 827 So.2d 948, 954 (Fla.2002) (“To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.”). This court must accept the motion’s allegations as true unless they are refuted by the record. See Derrick v. State, 983 So.2d 443, 450 (Fla.2008). If a ground’s allegations are facially sufficient (pled in sufficient detail), the trial court must grant an evidentiary hearing unless the allegations are legally invalid (legally insufficient on their face) or records in the court’s file conclusively show that the defendant is entitled to no relief. See Fla. R. Grim. P. 3.850(d) (2011); Spera v. State, 971 So.2d 754 (Fla.2007).
The defendant was charged with killing his father by asphyxiation or strangling. At trial, the State’s theory was that the defendant choked his father to death in their home. The defense’s theory was that, while the defendant was drunk, he and his father got into an argument that escalated into a physical struggle during which the defendant grabbed his father’s throat, and the father had a heart attack and died. The defendant was convicted of second-degree murder.[1]
Ground 5 of the defendant’s rule 3.850 motion alleged that his trial counsel failed to present certain exculpatory medical evidence during trial. The motion alleged that this evidence showed that the victim was alive while he was being trans *134 ported to the hospital after the incident, thus contradicting the State’s theory that the defendant strangled the victim and he died from asphyxia at the scene of the crime. The motion alleged that this evidence was crucial to the defendant’s case. The defendant filed copies of the evidence, consisting of medical reports regarding the victim’s emergency treatment and death. Some of the reports suggested that the victim died by heart attack. The trial court summarily denied this ground, concluding that “[t]he defendant neither identifies what the evidence is nor how it is ‘crucial.’” These conclusions were incorrect. The defendant did not simply identify the evidence, he filed copies of it. Moreover, he alleged how it was crucial by asserting that it would have disproved the State’s theory of death at the scene by manual strangulation. Accordingly, we reverse as to this ground and remand for attachment of record documents or an evi-dentiary hearing. Fla. R. Crim. P. 3.850(d); Fla. R. App. P. 9.141(b)(2)(D).
Ground 7 alleged that trial counsel was ineffective for failing to call a particular expert medical examiner to testify. The motion alleged that the testimony of Dr. Davis, a medical examiner who was appointed to aid counsel, would have verified that the victim could not have died from asphyxia by manual' strangulation. The motion alleged that Dr. Davis’s testimony would have contradicted the State’s theory of the cause of death. The court summarily denied this ground, concluding: “This claim is mere speculation, at no point does the defendant allege what Davis’ testimony would have been.” This conclusion was incorrect. The motion sufficiently alleged the substance of Dr. Davis’s expected testimony: that the victim could not have died from asphyxia by manual strangulation. Accordingly, we reverse as to this ground and remand for attachment of record documents or an evidentiary hearing.
The defendant contends that the trial court failed to rule on ground 16, because the court’s order denying his motion for rehearing, in which the court denied ground 16, was a nullity. We agree. On March 1, 2011, the trial court filed its final order denying all remaining grounds of the postconviction motion except ground 16. On March 9, the defendant filed a motion for enlargement of time to file a motion for rehearing. On March 11, the court filed an order denying the motion for enlargement. On March 21, the defendant delivered to prison officials a notice of appeal of the order denying his motion for enlargement. On April 5, this court issued an order deeming the notice of appeal to be appealing the denial of the rule 3.850 motion itself. Thus, on March 21, the trial court lost jurisdiction over the rule 3.850 proceeding. See Zinnermon v. State, 685 So.2d 893, 893 (Fla. 2d DCA 1996). On April 7, the defendant delivered to prison officials a motion for rehearing of the denial of his rule 3.850 motion. On May 11, the trial court entered an order denying the motion for rehearing and summarily denying ground 16. The order denying the motion for rehearing was a nullity because the trial court lacked jurisdiction over the proceeding at that time. Accordingly, we reverse and remand for the trial court to rule on ground 16.
Ground 20 alleged that counsel was ineffective for faffing to call as witnesses the emergency medical technicians (EMTs) who responded to the crime scene. The motion alleged that the EMTs would have testified that the victim was alive when they arrived, that they worked to keep him alive while transporting him in the ambulance, that there was no blockage in his airway, and that he died on the way to the hospital. The motion alleged that *135 this testimony would have been favorable to the defendant on the issues of location and cause of death, which went to the heart of the case, and that there was a reasonable probability the outcome of the trial would have been different. The motion also alleged that the EMTs were available to testify. The trial court summarily denied his ground, writing:
This claim fails because “in order to set forth a facially sufficient claim of ineffective assistance of counsel based upon counsel’s failure to call a witness, a post-conviction motion must allege that the witness was available to testify.” Nelson v. State, 816 So.2d 694, 695 (Fla. 5th DCA 2002). Also, prejudice is inadequately pled and is not established.
The court’s conclusion that the defendant failed to sufficiently allege witness availability is factually incorrect. In addition, the defendant sufficiently alleged prejudice. Accordingly, we reverse and remand for attachment of record documents or an evidentiary hearing.
Ground 21 alleged cumulative error. Since we are reversing as to several grounds, it cannot be determined whether, even in the absence of prejudice within any particular ground, the cumulative effect of trial counsel’s errors deprived the defendant of effective assistance of counsel. Therefore, this ground must be reconsidered by the trial court after ruling on all other grounds.
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA and COHEN, JJ., concur.

. § 782.04(2), Fla. Stat. (1999).