PER CURIAM.
Christopher Raynard Clayton challenges an order denying his motion to disrates *991 charges of selling cocaine, claiming that law enforcement authorities objectively entrapped him. He pled guilty after the trial court denied his motion, but reserved the right to appeal the denial of his motion to dismiss.
Mr. Clayton’s arguments revolve around claims of egregious law enforcement conduct, which he says amounts to objective entrapment. A' certain detective allegedly had it out for him on account of previous family animosity. And the State allegedly made unlawful use of his former lover to entrap him'. The State sharply contests Mr. Clayton’s allegations about its investigation.
We agree with the decision reached by the trial court after it conducted an eviden-tiary hearing on the motion to dismiss. Although Mr. Clayton makes troubling allegations about how law enforcement carried out its undercover operation leading to his arrest, the evidence conflicts in material ways, and the facts aren’t settled. Indeed, the trial court was obliged to view the facts in a light most favorable to the State. See Sexton v. State, 898 So.2d 1187, 1188 (Fla. 1st DCA 2005). . In this, instance, it would have been premature to decide Mr. Clayton’s objective entrapment defense on a motion to dismiss before unsettled questions about how law enforcement conducted the operation against him were settled by a factfinder. See, e.g., Delice v. State, 878 So.2d 465, 468 (Fla. 4th DCA 2004) (considering a defendant’s unsubstantiated objective entrapment defense to be a jury, question).
AFFIRMED.
ROBERTS, C.J., MAKAR and OSTERHAUS, JJ., concur.