IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WAYMON KIRKLAND,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4751

Opinion filed August 10, 2017.

An appeal from the Circuit Court for Gadsden County.
Barbara K. Hobbs, Judge.

Candice K. Brower, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Region One, Gainesville, and Michael J. Titus, Assistant Regional Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Region One, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.

WINOKUR, J.

      Waymon Kirkland appeals a judgment and sentence for felony battery and aggravated battery with a deadly weapon. We reverse the felony battery conviction.

The State filed a two-count information charging Kirkland in Count I with aggravated battery with a deadly weapon upon Dedrick Hall and in Count II with aggravated battery with a deadly weapon upon Anterkeith Burns. The evidence at Kirkland's bench trial showed that Kirkland struck both men with a stick, Hall on the leg and Burns on the head. The court found Kirkland guilty as charged on Count II, but guilty of the lesser offense of felony battery on Count I. The court acknowledged, and the State concedes on appeal, that there was no evidence of great bodily harm, permanent disability, or permanent disfigurement presented at trial to support the felony battery conviction.[*] However, Kirkland did not object to the felony battery conviction on this ground, so we must find fundamental error in order to reverse. *See* § 924.051(3), Fla. Stat.

We first observe that the lack of evidence supporting Kirkland's conviction for felony battery is not itself grounds for reversal. While no evidence was presented to prove one of the elements of felony battery (great bodily harm, permanent disability, or permanent disfigurement), there was evidence of a crime. Specifically, the evidence showed that Kirkland committed a battery by striking Hall on the leg. Therefore, Kirkland's failure to object precludes reversal on this ground. *F.B. v.*

---

[*] Felony battery consists of a simple battery (actually and intentionally touching or striking another person against the will of the other) that "[c]auses great bodily harm, permanent disability, or permanent disfigurement." § 784.041(1), Fla. Stat.

*State*, 852 So. 2d 226, 230 (Fla. 2003) (holding that a defendant can present an unpreserved claim of insufficiency on appeal in a noncapital case only when the evidence is "insufficient to show that a crime was committed *at all*") (emphasis added).

However, we agree that it was fundamental error for the trial court to find Kirkland guilty of felony battery because not all of the elements of felony battery were charged in the information. The State charged two counts of aggravated battery. Aggravated battery is a battery where the defendant either 1) intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement, or 2) uses a deadly weapon. § 784.045(1), Fla. Stat. In the former situation, the charged crime includes all of the elements of felony battery, so felony battery is a necessarily lesser-included offense. In the latter situation—aggravated battery with a deadly weapon—felony battery is not a necessarily lesser-included offense because the element of great bodily harm is not contained within the charged crime.

Here, the State charged Kirkland with committing "a battery upon Dedrick Hall by Hitting with a Bat, a deadly weapon." That is, the State charged Kirkland with aggravated battery with a deadly weapon. Because Kirkland was only charged with aggravated battery using a deadly weapon, it was fundamental error, in this specific context, to convict him of felony battery. *See K.H. v. State*, 763 So. 2d 1187,

3

1188 (Fla. 4th DCA 2000). To do so violated his due process right to be notified of the specific charges against him. *See Ray v. State*, 403 So. 2d 956, 959-60 (Fla. 1981).

We recognize the rule regarding fundamental error set forth in *Ray*, where the Florida Supreme Court held as follows:

> [I]t is not fundamental error to convict a defendant under an erroneous lesser included charge *when he had an opportunity to object to the charge* and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction.

*Id.* at 961 (footnote omitted) (emphasis added). The rule in *Ray* applies where the defendant had an opportunity to object. A defendant tried at bench trial has limited opportunities to object to an erroneous lesser-included offense, primarily because there is no charge conference or verdict form. *See Chambers v. State*, 880 So.2d 696, 702 n.10 (Fla. 2d DCA 2004) (en banc) (observing that *Ray* was distinguishable from a case involving bench trial because defendant does not have opportunity to object to trial court's consideration of inappropriate lesser offenses); *Nesbitt v. State*, 819 So. 2d 993, 994 n.1 (Fla. 5th DCA 2002) (noting that *Ray* does not apply in cases involving bench trials because "those cases did not present the opportunity to object to the trier of fact's consideration of inappropriate lesser offenses in lieu of the main charge, an opportunity *Ray* finds to be significant").

4

The Third District's opinion in *V.C. v. State*, 63 So. 3d 831 (Fla. 3d DCA 2011), is instructive. Like here, the State charged V.C. with aggravated battery with a deadly weapon and did not allege great bodily harm. Nevertheless, after a nonjury adjudicatory hearing, the trial court found V.C. guilty of felony battery. The Third District concluded that the trial court erred, explaining that felony battery is a category two permissive lesser-included offense of aggravated battery and, as such, the State was required to charge all the requisite elements of felony battery in the information in order for V.C.'s adjudication to be valid. Id. at 835. The court further explained why the error was fundamental:

> V.C.'s trial counsel did not have an opportunity to object to the trial court's finding because, as this was a juvenile proceeding and the case was tried to the court rather than to a jury, no jury instructions were prepared. Additionally, the record reflects that V.C. did not request that the trial court consider any lesser included offenses, neither side argued that the evidence supported a finding that V.C. committed a felony battery, and V.C. took no action that in any way invited the error.

Id. at 834-35.

We are unpersuaded by the State's effort to distinguish *V.C.* on grounds that Kirkland, as an adult, had a right to a trial by jury affording him the opportunity to object within the meaning of *Ray*. Kirkland did not waive his due-process right to be adequately notified of the crimes of which he could be convicted by waiving his right to a jury trial.

We conclude that the trial court committed fundamental error by convicting

Kirkland of a crime for which he was not charged. Moreover, Kirkland did not request the trial court to consider felony battery as a lesser-included offense, neither side argued for conviction of felony battery, and Kirkland did not in any way invite the error. We instruct the trial court to vacate the judgment and sentence for felony battery and enter a judgment for the necessarily lesser-included offense of simple battery. *V.C.*, 63 So. 3d at 835. We affirm Kirkland's conviction for aggravated battery with a deadly weapon.

Affirmed in part; reversed in part; and remanded with directions.

ROBERTS and M.K. THOMAS, JJ., CONCUR.