IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENNY MITCHELL, III,

        Appellant,

v.                                                                          Case No.  5D17-2908

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed February 9, 2018

3.850 Appeal from the Circuit
Court for Orange County,
John Marshall Kest, Judge.

Kenny Mitchell, III, Bonifay, pro se.

No Appearance for Appellee.


PER CURIAM.

      Appellant, Kenny Mitchell, III, appeals the summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.  Appellant's motion made four claims of ineffective assistance of counsel below.  We find that the record does not conclusively refute Appellant's first claim, but otherwise affirm.

      In his first claim, Appellant alleged that his counsel was ineffective for failing to investigate four alibi witnesses, his time card, and video surveillance—all of which he claims would have established that he was at work at the time the crime was committed.

The trial court summarily denied this claim finding that Appellant's counsel filed a disclosure of three of the four alibi witnesses before trial and filed a notice of intent to introduce employment records. According to the trial court, this demonstrated that Appellant's counsel did in fact investigate the alibi, and therefore the court concluded that the record conclusively refuted Appellant's claims.

We review the summary denial of a rule 3.850 motion de novo. *Lebron v. State*, 100 So. 3d 132, 133 (Fla. 5th DCA 2012). The trial court must conduct an evidentiary hearing unless the allegations are facially insufficient, are conclusively refuted by the record, or are legally insufficient. *Id.*

While counsel's apparent intent to call three of the four alibi witnesses and use at least some employment records at trial may be relevant, we cannot conclude that this alone conclusively refutes Appellant's entire claim. We therefore reverse the summary denial as to this claim, and remand for the trial court to attach record evidence conclusively refuting Appellant's claim, or to hold an evidentiary hearing.

AFFIRMED in part; REVERSED in part; REMANDED.

ORFINGER, TORPY AND EISNAUGLE, JJ., concur.