IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


PHILIP REGINALD SNEAD,

      Appellant,

 v.                                   Case No.  5D18-1247

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 31, 2018

3.850 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

Philip Reginald Snead, Graceville, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Philip Reginald Snead appeals the summary denial of his motion for postconviction

relief under Florida Rule of Criminal Procedure 3.850.  In that motion, he argues that he

was prejudiced by ineffective assistance of his trial counsel, who failed to object to the

jury instructions and verdict form and thus permitted the jury to improperly convict him of

a similar but uncharged offense.  The records attached to the postconviction court's order

denying Snead's motion do not conclusively refute his claim. Accordingly, we reverse and remand for further proceedings.

In his motion Snead alleged that, along with other offenses, he was charged by information with aggravated battery with a deadly weapon, but convicted of felony battery.[1] He notes that aggravated battery can be committed either by causing "great bodily harm, permanent disability, or permanent disfigurement," or by using a deadly weapon. *See* § 784.045(1)(a), Fla. Stat. (2013). However, the information only charged aggravated battery involving a deadly weapon. Snead also notes that while some variants of felony battery involve causing "great bodily harm, permanent disability, or permanent disfigurement," none of those require proving use of a weapon.

Snead argues that the version of felony battery for which he was convicted was not actually a lesser included offense of the version of aggravated battery with which he was charged. Therefore, Snead urges that his conviction was error, and trial counsel was ineffective for failing to object to the jury instructions and jury verdict forms which permitted the jury to improperly convict him. Snead alleges prejudice because counsel's inaction led to an erroneous conviction and lack of preservation of the issue for direct appeal.

The lower court denied Snead's claim without a hearing, ruling that the elements for aggravated battery encompass the elements of felony battery. The court noted that the evidence at trial showed that Snead struck the victim multiple times and concluded

---

[1] Snead was charged with three crimes: robbery with a firearm; burglary of a dwelling while armed; and aggravated battery with a deadly weapon. Taking his allegations as true, he was acquitted of the first two charges, and convicted only of the lesser included offense on the third.

2

that there was sufficient evidence to support the conviction for felony battery. However, while the testimony cited by the court indicated that the victim suffered a fractured rib, the crime Snead was charged with alleged use of a deadly weapon, not great bodily harm. *See* §§ 784.03(2), 784.041, 784.045(1)(a), Fla. Stat. (2013).

The relationship between the elements of aggravated battery and felony battery, in situations like Snead's, has been recently addressed by two other district courts. In *V.C. v. State*, the Third District found error in the withheld adjudication of a minor as delinquent for felony battery when the minor had been charged with aggravated battery with a deadly weapon. 63 So. 3d 831, 833 (Fla. 3d DCA 2011). That court noted that category one lesser included offenses are necessarily included in the charged offense, while category two lesser included offenses require proof of their elements, but also allegation of their own elements in the accusatory pleading. *Id.* at 833–34. The Third District observed that the standard jury instruction for aggravated battery does list "felony battery" as a "category one" lesser offense. However, that standard instruction also includes a comment explaining that "[t]he lesser included offense of Felony Battery is only applicable if element 2a [intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement] is charged and proved." *Id.* at 834 (citing Fla. Std. Jury Instr. (Crim.) 8.4). The Third District concluded that fundamental error occurred based on its finding that defense counsel did not receive notice that the State was pursuing any other form of felony battery than what was charged. *Id.* at 834–35.

The First District considered a similar situation in *Kirkland v. State*, 225 So. 3d 920 (Fla. 1st DCA 2017). That court noted that the defendant had been charged with two counts of aggravated battery with a deadly weapon, against different victims, but

3

convicted of felony battery on one count. The State conceded that there was no evidence of the requisite great bodily harm. The court noted that the lack of evidence supporting the felony battery conviction was "not itself grounds for reversal." *Id.* at 921–22. However, the court held that because not all of the elements of felony battery were charged in the information, the defendant's "due process right to be notified of the specific charges against him" had been violated. *Id.* at 922. The First District agreed with *V.C.* and rejected the State's argument that *V.C.* was limited to juvenile cases, which lacked juries and instructions. *Id.* at 923. In *Kirkland*, the First District found that the elements of felony battery were not charged, neither side argued for a felony battery conviction, and the error was not invited. Therefore, the court reversed for fundamental error. *Id.*

There is no clear way to distinguish the instant case from *V.C.* or *Kirkland*. Here, the charge was the same—aggravated battery with a deadly weapon. The jury was instructed on aggravated battery by great bodily harm and felony battery by great bodily harm. The jury acquitted Snead of almost everything, and convicted him only of felony battery. However, the documents attached to the postconviction court's order do not suggest that Snead was given any notice that he faced the possibility of conviction of felony battery prior to settling on jury instructions and verdict forms during the charge conference. Nor do the attached documents explain why counsel failed to object when that possibility arose. To the extent that the evidence might have supported a finding of great bodily harm (if not permanent injury or disfigurement) because of the victim's fractured rib, this does not excuse the apparent violation of Snead's due process right to notice. Therefore, fundamental error may have occurred here.

4

The possibility of invited error was not addressed in the record attachments to the order summarily denying the motion for postconviction relief. Therefore, we reverse and remand for the postconviction court either to attach additional records conclusively refuting the claim, or to hold an evidentiary hearing. *See Mitchell v. State*, 238 So. 3d 411, 412 (Fla. 5th DCA 2018).

REVERSED AND REMANDED with instructions.

COHEN, C.J., EDWARDS and EISNAUGLE, JJ., concur.