PER CURIAM.
Appellant, Stuart Hickson, appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
In his rule 3.850 motion, Appellant claims that trial counsel provided ineffective assistance in that counsel misadvised him to reject the State's plea offer of thirty years in prison and misadvised him as to the strength of the State's case against him. Appellant, now serving multiple life sentences as a Prison Releasee Reoffender, asserts that, but for counsel's misadvice, he would have accepted the State's offer. The postconviction court summarily denied Appellant's motion.
We review the summary denial of a rule 3.850 motion de novo. Lebron v. State, 100 So.3d 132, 133 (Fla. 5th DCA 2012). The postconviction court must conduct an evidentiary hearing unless the allegations are facially insufficient, conclusively refuted by the record, or legally insufficient. Id.
In reviewing the record attached to the challenged order, we find nothing that conclusively refutes Appellant's facially-sufficient allegations. We therefore reverse the summary denial and remand for the postconviction court to attach records conclusively refuting Appellant's claim or to hold an evidentiary hearing.
REVERSED and REMANDED.
ORFINGER, WALLIS, and GROSSHANS, JJ., concur.