IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RENE GUTIERREZ,

        Appellant,

  v.

STATE OF FLORIDA,

        Appellee.

_____/

Case No.  5D21-3048
LT Case No. 2014-CF-9679

Opinion filed July 1, 2022

3.850 Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Michelle Walsh, of Law Offices of
Michelle R. Walsh, P.A., Miami,  for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.

EVANDER, J.

      Rene Gutierrez appeals the summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure

3.850. Because the records attached to the order do not conclusively refute appellant's claims, we reverse.

The underlying facts, as alleged in Appellant's motion, reflect that Appellant was charged with aggravated battery with a firearm and attempted first-degree murder. The victim was shot during a late night/early morning outdoor social gathering in a rural area. The numerous attendees at this social gathering immediately "scattered" after the shooting. At the time, neither the victim, nor his two brothers who were present at the event, were able to identify the shooter. All three of the brothers had imbibed alcoholic beverages during the several hours preceding the shooting.

Months later, after conducting their own investigation, the brothers viewed a photograph of Appellant and identified him as the shooter. At trial, appellant's primary defense was that the witness testimony identifying him as the shooter was not credible. The jury found Appellant guilty of aggravated battery with a firearm and the lesser included offense of attempted second-degree murder. His convictions were per curiam affirmed by this Court. *Gutierrez v. State*, 246 So. 3d 1269 (Fla. 5th DCA 2018).

In his timely filed motion for postconviction relief, Appellant alleged that his trial counsel was ineffective in failing to impeach the victim and one of his brothers with evidence of their multiple prior felony convictions and/or

convictions of crimes involving dishonesty. Appellant further alleged that his trial counsel was ineffective in failing to impeach the other brother's trial testimony with evidence of prior inconsistent statements made to law enforcement officers.

In summarily denying the motion, the postconviction court found that the impeachment of the three brothers' trial testimony would not have changed the outcome of the trial. Limited excerpts of the trial transcript were attached to the postconviction court's order.

The standard of review for summary denial of a rule 3.850 motion is de novo. *Lebron v. State*, 100 So. 3d 132, 133 (Fla. 5th DCA 2012). The trial court must grant an evidentiary hearing unless the allegations are not pled with sufficient detail, conclusively refuted by the record, or are legally insufficient. *Id*.

Claims of ineffective assistance of counsel must meet the two prongs of the *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1994).  The second prong is met when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.

"Failure to impeach a key witness may amount to ineffective assistance of counsel, warranting relief.  This is especially true in cases involving credibility contests, as the relative credibility of the witnesses becomes essential to the trial."  *Kelly v. State*, 198 So. 3d 1077, 1078 (Fla. 5th DCA 2016) (citations omitted).

Here, given that Appellant's primary defense was based on the alleged unreliability of the identification testimony and given the limited nature of the trial excerpts attached to the postconviction court's order, we cannot agree that Appellant's claims were conclusively refuted.  On remand, the trial court is directed to attach records conclusively refuting the claims at issue or, in the alternative, hold an evidentiary hearing.

REVERSED and  REMANDED.

EISNAUGLE and HARRIS, JJ., concur.