644 So.2d 340 (1994)
OWENS-CORNING FIBERGLAS CORPORATION, a Delaware Corporation, Petitioner,
v.
Bill PARSONS, as Circuit Judge of the Fourth Judicial Circuit and Ronald W. McAllister, as Personal Representative of the Estate of Linda S. McAllister, Respondents.
No. 94-3101.
District Court of Appeal of Florida, First District.
November 1, 1994.
H. Franklin Perritt, Jr., and Alan K. Ragan, of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for petitioner.
Wayne Hogan, T. Edward McClamma, Evan J. Yegelwel, Anita C. Pryor, Carroll Cayer, and Alan M. Pickert, of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, P.A., Jacksonville, for respondent Ronald W. McAllister.
Robert A. Butterworth, Atty. Gen., and Arthur C. Wallberg, Asst. Atty. Gen., Tallahassee, for respondent Bill Parsons.
PER CURIAM.
Owens-Corning Fiberglas Corporation (OCF), defendant in the trial court, petitions this court for a writ of prohibition, seeking the disqualification of respondent Circuit Judge Bill Parsons from further presiding in the proceedings below. We have jurisdiction, Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA), review denied, 476 So.2d 674 (Fla. 1985), and grant the petition.
Ronald W. McAllister, as personal representative of the estate of Linda S. McAllister, brought a wrongful death action against OCF. A jury trial was scheduled to commence on Monday, September 26, 1994. On Friday, September 23, 1994, plaintiff sent counsel for OCF notice of an emergency hearing on plaintiff's motion to strike the testimony of Paul Webber, OCF's economic expert. According to plaintiff's motion, OCF advised plaintiff's counsel for the first time on that date that Mr. Webber would be called as an expert witness at trial. Plaintiff alleged that, prior to that communication, counsel for OCF had represented that Peter Frank would testify as OCF's economic expert. Plaintiff asserted that plaintiff's counsel had no transcripts of Mr. Webber's prior testimony, nor did plaintiff know of the existence of any prior testimony. Plaintiff alleged that, on September 22, 1994, the trial *341 court ordered OCF to provide plaintiff with the name of the economic expert that OCF planned to call at trial, and that OCF had repeatedly represented that OCF would call an expert witness previously cross-examined by plaintiff's counsel. Plaintiff asserted that Mr. Webber was not one of those individuals. For these reasons, plaintiff moved to strike Mr. Webber as a witness.
After hearing arguments of counsel at the hearing on plaintiff's motion, the trial judge made the following remarks:
THE COURT: All right. Mr. Perritt [defense counsel], I want to be very clear right up front.
MR. PERRITT: Yes, sir.
THE COURT: What I'm about to say is not a reflection on you professionally or personally. I have the highest regard for you as a man and as a lawyer. I have very minimal respect for your client. I think they have abused the system. I think they abuse you. I think they put you in an untenable position for a man of your stature professionally in this community, but I know you can't control that.
Now yesterday I advised that there was no big deal basically because the other side had repeatedly questioned these witnesses and that even  whoever it was, it wouldn't be any surprise.
MR. PERRITT: I think that's true.
THE COURT: I tell you that I accepted that because you said it, but now we have a man who, to which the other side says they have never cross-examined, yes, he's on the list, and it's now ten minutes after 11:00 on September 23rd with a jury already picked and a trial set for Monday morning at 9:00 o'clock, approximately.
This is not a reasonable way to practice law by your client. This is not up front, it's not candid, it's not fair, but it is consistent with my experience with Owens-Corning. And I want the Appellate Court to understand should any of this go up, that this is symptomatic of the difficulty of getting Owens-Corning to comply with the laws of Florida, with the procedural rules, because they apparently have some concept that they're not subject to those laws or rules.
I had an experience with them trying to get them to mediate in good faith, I don't think they did, but I think they look for ways to avoid it and to be devious and to be less than forthright, and I think they are successful.
Having said that, I'm going to strike this witness. That's my ruling.
Further, plaintiff's counsel suggested to the court that OCF had not been completely forthright with the court in other litigation in Duval County. Judge Parsons responded to this assertion in the following manner:
THE COURT: I don't think it's relevant. I don't think it's relevant to what I'm dealing with. I just indicated, and I hope I've been  I hope I've been abundantly clear, that nothing I said is a reflection on you, but Owens-Corning, as far as I'm concerned, is somewhere without the bounds of propriety, and their credibility with me is about as thin as a balloon.
Later that day, OCF filed a motion to disqualify Judge Parsons. OCF asserted that it feared it would not receive a fair trial because of the bias or prejudice of the judge against OCF. OCF's motion was supported by the affidavit of Louis Rodewig, OCF's Director of Asbestos Litigation. Mr. Rodewig indicated in his affidavit that OCF feared it would not receive a fair trial because of the trial judge's prejudice against OCF. The trial court denied the disqualification motion.
After the trial court denied OCF's motion, OCF petitioned this court for a writ of prohibition. OCF asserted that the trial court improperly denied the motion for disqualification. OCF argued that the motion below was timely and in compliance with the applicable statute and rule. OCF further argued that the trial judge has no authority to pass on the truth of the facts alleged, but must only determine the legal sufficiency of the motion.
This court issued an order naming the plaintiff as a respondent and directing him to show cause why the petition should not be granted. In Respondent's response, Respondent argued that OCF's affidavit was not *342 executed by a corporate officer, and was therefore insufficient. Respondent also contended that the motion itself was legally insufficient because it was based, in large part, on an adverse judicial ruling.[1]
We hold that the motion to disqualify was legally sufficient. The only authority offered by Respondent regarding Mr. Rodewig's authority to submit an affidavit for OCF is Cardinal v. Wendy's of South Florida, Inc., 529 So.2d 335 (Fla. 4th DCA 1988), rev. denied, 541 So.2d 1172 (Fla. 1989). That case, however, is distinguishable. In Cardinal, the affidavit was executed by counsel for the moving party. We are not persuaded that OCF's director of asbestos litigation would not be authorized to speak for the corporation concerning the matter at issue in the present case.
We find that the comments made by the trial judge at the hearing would prompt a reasonably prudent person to fear that he would not receive a fair and impartial trial before that judge. The sole issue at the hearing was whether Mr. Webber should be stricken as a witness based on the unavailability of his prior testimony. Prior to the emergency hearing, counsel for OCF attempted to determine whether Mr. Webber had given prior testimony, but had not been able to conclusively determine before the hearing whether Mr. Webber had previously testified. Plaintiff did not move for the imposition of other sanctions against OCF, and the prior actions of OCF in the litigation were not at issue at the hearing. Given the issue before the trial court, we find that the trial judge's statements were unnecessary for resolution of that issue and established a basis for a well-founded fear that OCF would not receive a fair and impartial trial.
Accordingly, the petition for writ of prohibition is granted and Judge Parsons is directed to enter an order of disqualification and to request the chief circuit judge to assign another circuit judge to preside over the trial in this cause.
IT IS SO ORDERED.
ZEHMER, C.J., and BOOTH and DAVIS, JJ., concur.
NOTES
[1] Judge Parsons, acting through counsel, filed a response indicating that he would take no position unless requested to do so by this court.