968 So.2d 675 (2007)
Fabian SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-986.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*676 Fabian Smith, Arcadia, pro se.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Fabian Smith (Defendant) appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, except for his third ground, which the state conceded, and the order entered denying his motion for rehearing. We reverse and remand.
While Defendant was on probation in three 2000 cases, he was charged with committing additional offenses in three new cases, two charging offenses committed on separate dates in March 2003 and one charging offense committed in August 2003. In June 2003 he pleaded guilty as to the first two 2003 cases and admitted violating probation; he was sentenced in the new cases and his probation was modified. In October 2003 he pleaded guilty to count I of the third case, count II was nolle prossed, and he again admitted violating probation; prison terms were imposed both for the third 2003 case and the three 2000 cases.
In the first two grounds of the instant motion, Defendant claimed each plea entered in 2003 was involuntary because it was based on defense counsel's misadvice that, if he did not accept the state's offer, the state would pursue the maximum sentence he could receive for violating his probation, which, he was told, was life in prison. In his third ground, he challenged the prison sentences he ultimately did receive for violating probation, claiming he could not legally be sentenced to more than 364 days.[1] In the fourth ground, he claimed the trial court had orally accepted the agreement providing that the sentences imposed in October 2003 would run concurrent with each other and with those imposed in June 2003, but the written sentences actually failed to so provide. Instead, the sentence for the third 2003 case was run concurrent with the sentences imposed on revocation of probation and vice versa. Thus, those sentences were treated as running consecutive to the sentences imposed in June 2003 for the first two 2003 cases. See § 921.16(1), Fla. Stat. (providing in part that "[s]entences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently").
Below, the state conceded only that Defendant was entitled to relief as his third ground, and he was resentenced on revocation of probation in the three 2000 cases to *677 364 days time served. The trial court summarily denied the other three grounds for relief.
On appeal, the state now concedes also that the oral pronouncement is unambiguous and Defendant is entitled to have his written sentences corrected accordingly. We agree, reverse the summary denial as to the fourth ground for relief, and direct the trial court on remand to correct the sentences imposed in the third 2003 case,[2] and on revocation of probation in the three 2000 cases,[3] to reflect that they are to run concurrent with those imposed in June 2003.[4]
With respect to the first two grounds, the state argues that Defendant should have questioned the trial court about the discrepancy between what his attorney advised and what the trial court said at the hearing, citing Jones v. State, 680 So.2d 585 (Fla. 4th DCA 1996) (affirming summary denial of postconviction motion in which the defendant claimed his plea was involuntary because his attorney misadvised him that if he were found guilty as a habitual felony offender (HFO), judge was required to sentence him to life in prison, but transcript of plea colloquy reflected judge informed him that if he were found guilty and qualified as a HFO, he could be sentenced to life in prison; and defendant declined judge's offer to answer any questions about the sentences the court could impose). The two plea transcripts in this case do not indicate the trial court advised Defendant as to how he might be sentenced on revocation of probation; it merely recited the terms to which the parties had agreed, as stated in the plea agreement. Thus, the transcripts do not conclusively refute Defendant's first two grounds for relief. Compare Kemner v. State, 770 So.2d 276 (Fla. 4th DCA 2000) (distinguishing Jones and reversing summary denial of motion in which defendant alleged he entered his plea based on counsel's misadvice that if he were convicted after trial, he would receive a life sentence, and the judge had advised him only of range of sentences he could receive if he entered a plea).
As to grounds one and two, we reverse either for an evidentiary hearing or the attachment of further portions of the record conclusively refuting these grounds for relief.
Reversed and Remanded.
GUNTHER, WARNER and POLEN, JJ., concur.
NOTES
[1] See § 958.04(2)(b), Fla. Stat.; Mason v. State, 864 So.2d 1225 (Fla. 1st DCA 2004). (Effective July 1, 2006, section 958.045(5)(c) now provides that a youthful offender who violates probation following successful completion of the boot camp program may be sentenced, on revocation of the probation, to any sentence that could have been imposed originally. See Ch. 06-270, § 1, Laws of Fla.)
[2] L.T. case no. 03-9215.
[3] L.T. case nos. 00-7545, 00-11011, and 00-12797.
[4] L.T. case nos. 03-3100 and 03-3237.