IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FELICE KLINE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Petitioner,

v.

CASE NO. 1D15-0562

JRD MANAGEMENT CORP.
AND CCMSI,

    Respondents.

_____/

Opinion filed June 2, 2015.

Petition for Writ of Prohibition – Original Jurisdiction.

Bradley Douglas and Andrew Douglas of Douglas & Douglas, LLP, Plantation, for Petitioner.

No appearance for Respondents JRD Management Corp and CCMSI.

Stephanie R. Hayes, Tallahassee, for the Office of the Judges of Compensation Claims.

PER CURIAM.

    In this workers' compensation case, Petitioner (the injured worker) challenges the denial of her motion to disqualify the Judge of Compensation Claims (JCC) and seeks a writ of prohibition directing the JCC to disqualify himself. This Court has

jurisdiction under Florida Rule of Appellate Procedure 9.100. See also Bay Bank & Trust Co. v. Lewis, 634 So. 2d 672, 674 (Fla. 1st DCA 1994) (citing Caleffe v. Vitale, 488 So. 2d 627 (Fla. 4th DCA 1986)). "A petition for writ of prohibition is the appropriate vehicle to test the validity of the denial of a motion for disqualification." Caleffe, 488 So. 2d at 627-28. Because we find that the JCC erred in denying the motion to disqualify, we grant the petition.

The Rules of Procedure for Workers' Compensation Adjudications provide that "[a]ny motion for disqualification of a judge shall be made and determined pursuant to Fla. R. Jud. Admin. 2.330." Fla. Admin. Code R. 60Q-6.126(1). Under Florida Rule of Judicial Administration 2.330(d), grounds supporting a motion to disqualify a judge include "that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." "A verified motion for disqualification must contain an actual factual foundation for the alleged fear of prejudice." Fischer v. Knuck, 497 So. 2d 240, 242 (Fla. 1986). A mere "subjective fear[ ]" of bias will not be legally sufficient; rather, the fear must be objectively reasonable. Id. at 242. See also R.M.C. v. D.C., 77 So. 3d 234, 236 (Fla. 1st DCA 2012). In determining whether a motion to disqualify is legally sufficient, the appellate court reviews the motion's allegations under a *de novo* standard. Id. (citing Peterson v. Asklipious, 833 So. 2d 262, 263 (Fla. 4th DCA 2002)); see also Sume v. State, 773 So. 2d 600, 602 (Fla. 1st DCA 2000) (holding legal sufficiency of motion to disqualify is pure question of law subject to de novo

2

review). Subsection (f) of rule 2.330, however, provides that the judge against whom the motion to disqualify is directed must "determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." Thus, the facts and reasons for disqualification here, as alleged by Petitioner, must be taken as true. See Brown v. St. George Island, Ltd., 561 So. 2d 253, 255 (Fla. 1990). Significantly, the standards for disqualification do not turn on a demonstration of actual bias or partiality on the part of the judge or the judge's own perception of his or her impartiality. Rather, disqualification is required where the facts alleged and established, which must be taken as true, would place a reasonably prudent person in fear of not receiving a fair and impartial proceeding. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332, 1334 (Fla. 1990) (citations omitted).

In her motion to disqualify filed with the JCC, Petitioner alleged that she had a reasonable fear that she could not obtain a fair and impartial hearing in light of certain findings and "improper allegations" made by the JCC against her attorney in an unrelated workers' compensation case. Petitioner further alleged that the JCC previously referred her attorney to The Florida Bar and the Department of Financial Services (DFS) for unfounded ethical and criminal violations in connection with the prior unrelated case. The JCC denied the motion to disqualify as legally insufficient based on the authority found in 5-H Corp. v. Padovano, 708 So. 2d 244, 248 (Fla. 1997) (holding judge's report of lawyer's unprofessionalism to Florida Bar legally insufficient to support disqualification).

3

In its response in opposition to the petition, the Office of the Judges of Compensation Claims (OJCC)[1] also relies on the holding in 5-H Corp., in which the Florida Supreme Court addressed a petition for writ of prohibition alleging disqualification under Canon 3E(1) of the Florida Code of Judicial Conduct (mandating disqualification in any proceeding in which judge's impartiality might be questioned) because the judge previously had reported the petitioner's attorney to The Florida Bar for the use of inappropriate language in an appellate brief. The supreme court held "a Florida judge's mere reporting of perceived attorney unprofessionalism to The Florida Bar, in and of itself, is legally insufficient to support judicial disqualification." 5-H Corp., 708 So. 2d at 248. The court acknowledged that its holding did not preclude disqualification under Canon 3E(1), if it could be shown that the judge actually has a personal bias or prejudice concerning a party or a party's lawyer. Id.

In contrast to the petitioners in 5-H Corp., Petitioner here relies on her substantive right to disqualify the JCC under rule 2.330(d), where the ultimate question is whether Petitioner alleged facts that "would place a reasonably prudent person in fear of not receiving a fair and impartial trial." MacKenzie, 565 So. 2d at 1334-35 (quoting Livingston v. State, 441 So. 2d, 1083, 1087 (Fla. 1983)). As alleged by Petitioner in the motion to disqualify, the JCC entered an order that

---

[1] The Employer/Carrier did not file a response to the petition for writ of prohibition.

4

imposed sanctions against Petitioner's attorney for his conduct in pursuit of a claimant-paid attorney's fee in the unrelated case. In that order, the JCC found Petitioner's attorney was "not credible" (as a person, as opposed to testimonial credibility), had made "false and misleading written statements," and had a "willful and conscious intent" to overcharge for legal services that were "excessive and arbitrary." The JCC further described Petitioner's attorney's acts as "unconscionable and abusive" and expressly stated that he believed that the attorney had conducted himself similarly in other cases, though no such case was before the JCC. In short, the JCC made findings that indicated not only acts of unprofessionalism by Petitioner's attorney, but also acts of criminal deceit as a part of an established pattern of behavior in other cases not before him. Based on these findings, the JCC referred Petitioner's attorney to The Florida Bar for joinder in an existing ethics complaint and to the fraud division at DFS for further investigation for what was, in the JCC's opinion, a violation of section 440.105(3)(c), Florida Statutes (2014), which is a misdemeanor of the first degree.

Because the JCC here previously found that Petitioner's attorney acted dishonestly, had committed a crime (if not multiple crimes), and that he was not worthy of belief, the facts in this case involve much more than a "mere reporting of unprofessionalism" as was the case in 5-H Corp. The closer analogy here is Brown, in which the Florida Supreme Court reviewed writs of prohibition issued by the Third District Court of Appeal where the trial judge was disqualified for prejudice

5

under section 38.10, Florida Statutes (1989),[2] based on derogatory remarks concerning the veracity of one of the parties. 561 So. 2d at 254-55. The Brown court expressly approved the analysis by the district court which relied on the principle that "a statement by a judge that he feels a party has lied in a case generally indicates a bias against the party." Id. at 257 (quoting St. George Island, Ltd. v. Rudd, 547 So. 2d 958, 960 (Fla. 3d DCA 1989) (citing Deauville Realty Co. v. Tobin, 120 So. 2d 198 (Fla. 3d DCA 1960))). In a footnote, however, the Brown court clarified that a judge is not subject to disqualification under section 38.10 based simply on an adverse ruling which has the effect of rejecting the testimony of a moving party; instead, "[a]t the very least . . . there must be a clear implication that the judge will not believe the complaining party's testimony in the future." Brown, 561 So. 2d at 257 n.7.

Here, the JCC did not merely enter an adverse ruling rejecting Petitioner's attorney's testimony in a prior case. The JCC found that Petitioner's attorney had intentionally made false statements in an effort to maximize his attorney's fees in a prior case and had likely done so in other cases. In light of these findings, as well as the connotations of the language chosen by the JCC to express them (e.g., the attorney, rather, than his testimony, "is not credible"), we conclude there is a factual

---

[2] Section 38.10 provides for disqualification of a judge based on a party's fear that "he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party. . . ."

foundation (which must be accepted as true for purposes here) from which a reasonably prudent person would fear bias on the part of the JCC. Given the total sum of all of the allegations here, a reasonably prudent person, represented by Petitioner's attorney, would have a well-founded fear that he or she would not receive a fair and impartial trial or hearing before this JCC. For these reasons, Petitioner's allegations are legally sufficient to disqualify the JCC. Accordingly, we grant the petition for a writ of prohibition and issue the writ with directions to the Deputy Chief Judge of Compensation Claims to reassign the case.

PETITION GRANTED; WRIT OF PROHIBITION ISSUED, WITH DIRECTIONS.


THOMAS, MARSTILLER, and BILBREY, JJ., CONCUR.