Anthony V. PUGLIESE, III, Petitioner,

v.

Elisabeth DELUCA and Jonathan Deluca, as personal representatives of the Estate of Frederick A. Deluca, FD Destiny, LLC, FD Destiny Credit, LLC, and Doctor's Associates, Inc. f/k/a Subway, Respondents.

No. 4D16–3959

District Court of Appeal of Florida, Fourth District.

December 21, 2016

John F. Mariani of Kammerer Mariani PLLC, West Palm Beach, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for petitioner.

Richard C. Hutchison of Holland & Knight, West Palm Beach, Christopher Bellows of Holland & Knight, Miami, and John R. Chapman of Holland & Knight, Fort Lauderdale, for respondents.

Gerber, J.

Anthony Pugliese filed a motion to disqualify the judge presiding over two consolidated cases to which Pugliese is a party. The motion raised multiple grounds, but the primary ground was that, during a pre-trial hearing, the judge made a gratuitous comment which Pugliese felt was offensive to him. The judge denied Pugliese's motion to disqualify on the basis that the motion was legally insufficient. Pugliese now petitions us for a writ of prohibition, seeking to disqualify the judge on the ground that the motion was legally sufficient.

We deny the petition. In this opinion, we shall detail the discussion in which the judge made the comment and then shall explain our decision.

The discussion in which the judge made the comment occurred when one of the attorneys was describing the names and roles of the litigants on both sides of the dispute:

[RESPONDENTS' COUNSEL]: In fact, Judge, when they got to this problem back in 2007—let me tell you what happened. Tom San Giacomo, who was Mr. Pugliese's *right-hand man* in 2006 and 2007 .... This is in June of '07 before the money was running out. He writes: Good morning, Al. Here's what we spent to date. We are composing a letter that deposits AVP—that's Anthony V. Pugliese, III; August 31st, 2007, so they were looking ahead—in the amount of 500 and sent to Dave—that's Subway, that's Dave Worroll, that's Deluca's guy—to deposit 1.5 million as [per] the operating agreement, a 25/75 ratio.

THE COURT: *There are so many right-hand men with our Italian folks here.* So you got San Giacomo is whose righthand man?

[RESPONDENTS' COUNSEL]: Mr. Pugliese.

THE COURT: Mr. Pugliese. Florio is Deluca's right-hand man?

[RESPONDENTS' COUNSEL]: He's not involved.

(emphasis added).

As shown above, although it was respondents' counsel who first used the phrase "right-hand man" during this hearing, and although we are aware from the record that Pugliese's counsel and even Pugliese himself had used the phrase "right-hand man" during prior hearings and depositions, it was the judge who took the phrase one step further at this hearing by referring to "so many right-hand men with our Italian folks here," that is, referring to Pugliese and Deluca as "our Italian folks."

Although we can speculate as to the possibilities that the judge made his comment simply in the context of attempting to keep straight the names and roles of the persons involved in the dispute, or perhaps was simply making an ill-considered attempt at humor, we are required to accept as true Pugliese's allegation that the comment reflected "negative and unfounded stereotypes of Italian-Americans." *See Livingston v. State*, 441 So.2d 1083, 1086 (Fla. 1983) ("It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling.") (citation and internal quotation marks omitted); *Brown v. St. George Island, Ltd.*, 561 So.2d 253, 255 (Fla. 1990) ("The facts and reasons for the belief of prejudice must be taken as true ....").

■ Accepting the facts and reasons for Pugliese's belief of prejudice as true, we agree with Pugliese that the judge's comment was unnecessary and improper. However, we are compelled to conclude that basing the motion for disqualification on that comment nevertheless was legally insufficient.

■ According to our supreme court's longstanding precedent, "[t]he question of disqualification focuses on those matters from which a litigant may reasonably question a judge's *impartiality* ...." *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So.2d 1332, 1334 (Fla. 1990) (emphasis added; citation omitted). "In order to decide whether the motion is legally sufficient, a determination must be made as to whether the facts alleged would place a reasonably prudent person in fear of not receiving a *fair and impartial trial*." *Id.* at 1334–35 (emphasis added; citation and internal quotation marks omitted). *See also Fischer v. Knuck*, 497 So.2d 240, 242 (Fla. 1986) ("[T]he law is well established that the asserted facts must be reasonably sufficient to create a well-founded fear in the mind of a party that he or she will not receive *a fair trial*.") (emphasis added; internal quotation marks omitted); *Livingston*, 441 So.2d at 1087 ("What is important is the party's reasonable belief concerning his or her ability to obtain *a fair trial*. A determination must be made as to whether the facts alleged would place a reasonably prudent person in fear of not receiving *a fair and impartial trial*.") (emphasis added).

Applying our supreme court's longstanding precedent here, we are unable to conclude that the judge's comment, though unnecessary and improper, would cause a litigant in Pugliese's position to reasonably question the judge's *impartiality* toward Pugliese, or would place a reasonably prudent person in Pugliese's position in fear of not receiving *a fair and impartial trial*. In other words, Pugliese's motion simply does not allege how the judge's comment would manifest itself to prevent Pugliese from receiving the benefit of the judge's *impartiality or a fair and impartial trial*. Thus, the motion was legally insufficient.

By this decision, we do not mean to suggest that a judge's comment on ethnic or other stereotypes may never rise to the level of requiring disqualification, simply because the affected party cannot articu-

late how the judge's comment would manifest itself to prevent the party from receiving the benefit of the judge's impartiality or a fair and impartial trial. We can foresee situations in which a judge's comment is so egregious that the judge's lack of impartiality may be presumed. Here, however, we do not view the judge's comment as rising to that level.

We conclude without further discussion that the other grounds raised in the petition lack merit.

*Petition denied.*

Forst and Kuntz, JJ., concur.