KELSEY, J.
Stephen Lukács appeals from a final judgment of paternity involving three children born to' his ex-girlfriend, Appellee Christina Ice, while the couple lived together. The relationship and the litigation have been contentious. Each party accused the other of violent behavior and questioned the other’s fitness to parent the children. The circuit judge had presided over this father’s prior dissolution action, which involved similar dynamics. The trial court, remembered and commented upon the previous case and earlier accusations back and forth in this case, some of which turned out to be unfounded. The court took evidence and heard argument, then entered the judgment on appeal finding .the father was the biological father of the children, awarding the mother majority timesharing, allowing her to move with the children from Nassau County to nearby St. Johns County, and setting the father’s child support obligation. The father argues that the trial court should not have adopted the mother’s proposed order verbatim, and that the order contains insufficient findings in support of the trial court’s resolution of the other issues. He also argues that the trial court should have been disqualified after commenting .on previous proceedings and claims. We have examined the record carefully and find each of the father’s arguments to be without merit. Accordingly, we affirm.
As a threshold matter, we reject the father’s argument that the trial court erred by adopting the mother’s proposed final judgment verbatim. The practice is not always advisable, - but. as we have held before, is not impermissible absent evidence of impropriety:
Reversal is required ... only when the signed judgment or a.finding is inconsistent with an earlier pronouncement of the trial judge, where the “appearance *224 of impropriety so permeated the proceeding below as to justify a suspicion of unfairness,” or where the record establishes that the final judgment does not “reflect the trial judge’s independent decision on the issues of a case.”
Cole Taylor Bank v. Shannon, 772 So.2d 546, 551 (Fla. 1st DCA 2000) (citations omitted). The circumstances of concern identified in Shannon do not exist here, so reversal is not warranted.
On the merits, we review the final judgment for abuse of discretion, and accept the court’s findings of fact if supported by competent, substantial evidence. Witt-Bahls v. Bahls, 193 So.3d 35, 38 (Fla. 4th DCA 2016); Raulerson v. Wright, 60 So.3d 487, 489 (Fla. 1st DCA 2011); Norris v. Heckerman, 972 So.2d 1098, 1099 (Fla. 1st DCA 2008); see Bainbridge v. Pratt, 68 So.3d 310, 311, 313 (Fla. 1st DCA 2011) (“[T]he trial court abused its discretion where there was no' competent substantial evidence supporting that the ordered parenting plan was in the best interests of the minor child.”). “[A] discussion of the relevant factors can be helpful in determining whether the trial court’s judgment is supported by competent, substantial evidence.” Bainbridge, 68 So.3d at 313. However, the court is not required to address each of the statutory factors when crafting a parenting plan, so long as the record supports the court’s decisions. We find the judgment supported by competent, substantial evidence. Therefore, the trial court did not abuse its discretion, and we affirm.
Finally, the father challenges the trial court’s denial of his motion to disqualify the trial judge. The father previously challenged the court’s denial of this same motion via prohibition, which we denied on the merits. Lukacs v. Ice, 162 So.3d 990 (Fla. 1st DCA 2015) (table). The argument fares no better the second time around, but is worth brief discussion. The motion was patently untimely, because it was filed nearly a year after the judge made the comments on which the father relied to claim fear.of not getting a fair trial. See Fla. R; Jud. Admin. 2.330(e).
The motion to disqualify also Ms on the merits. A motion for disqualification should be granted when the judge’s comments instill in the moving party a well-founded fear that the court has prejudged the case. R.M.C. v. D.C., 77 So.3d 234, 236 (Fla. 1st DCA 2012); see Minaya v. State, 118 So.3d 926, 929 (Fla. 5th DCA 2013) (stating that “a judge may form mental impressions and opinions during the hearing of evidence” but cannot “prejudge the case”). A mere subjective fear will not suffice; it must be objectively reasonable. R.M.C., 77 So.3d at 236.
This Court has found that a motion to disqualify should be granted where a judge makes negative comments about a party that are unnecessary to resolving the issue before it. Owens-Corning Fiberglas Corp. v. Parsons, 644 So.2d 340, 342 (Fla. 1st DCA 1994). In that case, during an emergency hearing to strike a witness, the court mentioned that it felt Owens-Corning previously failed to mediate in good faith and tried to be “devious” and “less than forthright.” Id. at 341. The comments were improper because, as the court admitted, this previous failure had nothing to do with the witness issue it was currently handling. Id.
In contrast, where a judge’s comments are directed to the issue the court is currently handling, a motion to disqualify can be denied. Strasser v. Yalamanchi, 783 So.2d 1087, 1092-93 (Fla. 4th DCA 2001). The trial judge in that case castigated the defendant for its perceived dishonesty about the mysterious disappearance of a computer hard-drive containing data cru *225 cial to the plaintiffs case. Id. at 1091. The court commented, “I wouldn’t have batted an eye at a $100,000 fine in this case,” and it “[s]ure does cause the hackles on the back of my neck to rise in suspicion when I hear the only thing missing is what plaintiff wanted.” Id. The appellate court explained that the comments related to the issue before the trial court and “express[ed] the understandable frustration and concern that the trial judge must have experienced when confronted with the sudden and unexplained revelation concerning the missing hard-drive.” Id. at 1092.
Here, the court made comments that weighed directly on the issue at hand— whether the father should have contact with the mother and the children—and did not stray into unrelated areas like the judge’s comments in Owens-Coming. These comments, though maybe not “our words of choice,” id. at 341, do not create an objectively reasonable fear that the trial court would not give the father a fair trial. Therefore, the motion was properly denied.
The order on appeal is AFFIRMED.
WOLF and ROWE, JJ., CONCUR.