# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-248
_____

JENNIFER M. ERLINGER,

    Appellant,

    v.

JUSTIN FEDERICO,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

March 15, 2018

ROWE, J.

Jennifer Erlinger appeals the amended final judgment that dissolved her marriage with Justin Federico. She asserts that the trial court erred in seven different ways: (1) by denying her motions to continue; (2) in calculating the support awards; (3) in distributing the marital assets; (4) by awarding equal timesharing; (5) by imposing sanctions; (6) by denying her request for attorney's fees; and (7) by denying her motion to disqualify the judge.

We affirm the first six issues without further comment, as Erlinger failed to provide a transcript of the final hearing as well as other proceedings pertinent to the disposition of those issues. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979); *Fay v. Craig*, 99 So. 3d 981, 982 (Fla. 5th DCA

2012) ("[A]ppellants proceed at their peril when they furnish a partial transcript."); *Estes v. Sassano*, 47 So. 3d 383, 385 (Fla. 1st DCA 2010) ("Without an adequate record of the proceedings below, this court cannot reasonably conclude that the trial court so misconceived the law as to require reversal.").We write only to address Erlinger's assertion that the trial court erred when it denied her motion to disqualify.

## I.

The parties were married in November 2009, and have one child, a daughter born in 2010.[1] After thirty-three months of marriage, Erlinger petitioned for dissolution. The proceedings were protracted, spanning over four years, and were very contentious. Numerous conflicts over timesharing rights with the child were brought to the trial court for adjudication, and multiple contempt proceedings ensued when Erlinger failed to comply with court orders.

In 2013, Federico moved out of the marital home. After that, his efforts to spend time with his daughter were repeatedly thwarted by Erlinger. For a period of ten months, Federico had no visitation with his daughter. During the next two years, Federico was required to file seven separate motions to enforce his rights to spend time with his daughter. In October 2015, the trial court entered a temporary parenting plan providing for shared parental responsibility and an equal, rotating timesharing schedule. But despite the trial court's order, Erlinger failed to comply with the timesharing plan and repeatedly acted to interfere with Federico's timesharing rights. In 2016 alone, Federico was denied 84 days of visitation with his daughter. During the course of the proceedings, Federico filed three motions for contempt for Erlinger's failure to follow court orders concerning timesharing. Erlinger responded by moving to modify the temporary parenting plan.

---

[1] The facts set forth herein are drawn from the limited record on appeal, including the factual findings set forth in the 38-page amended final judgment of dissolution entered by the trial court.

On September 1, 2016, the trial court heard Federico's second motion for contempt and Erlinger's motion to modify the temporary parenting plan.[2] Erlinger represented herself[3] at the hearing and conducted the cross-examination of Federico. After hearing from both parties and a number of witnesses, the trial court denied Erlinger's motion to modify, concluding that she failed to demonstrate grounds for modification. The trial court also determined that Erlinger's actions to interfere with Federico's timesharing "were malicious and intended to further harm the child's relationship with her father." The court granted Federico's motion for contempt because Erlinger had "decided to interpret the Court's timesharing schedule to frustrate [Federico's] relationship with their daughter and to eliminate substantial timesharing for [Federico] by such interpretation."

After the hearing, Erlinger moved to disqualify the trial judge for comments he made during the hearing. Erlinger argued comments made by the trial judge showed that he had prejudged the merits of Federico's motions for contempt. She alleged that she feared the court would not afford her a fair hearing. The trial court denied the motion and Erlinger petitioned this Court for writ of prohibition. We denied the petition without elaboration. *Erlinger v. Federico*, 202 So. 3d 409 (Fla. 1st DCA 2016) (unpublished table opinion).

The proceedings continued in the trial court and included multiple conflicts over timesharing and alleged violations of the temporary parenting plan. A three-day final hearing was held beginning on November 14, 2016, and the amended final judgment of dissolution was entered shortly thereafter. The trial court awarded equal timesharing to the parties. The trial court also imposed sanctions against Erlinger for repeatedly and vindictively

---

[2] Erlinger failed to provide a transcript of the September 1, 2016 hearing.

[3] After her attorney moved to withdraw, Erlinger, a member of the Florida Bar, represented herself in the trial court proceedings.

withholding timesharing throughout the course of the proceedings in violation of the court-ordered timesharing plan.

On appeal of the amended final judgment, Erlinger renews her argument that the motion to disqualify should have been granted.

II.

Though Erlinger previously raised her arguments for disqualification of the trial judge in a petition for writ of prohibition, we denied the petition without elaboration. Accordingly, we review Erlinger's renewed argument on the merits. *See Topps v. State*, 865 So. 2d 1253 (Fla. 2004) (holding that an unelaborated appellate decision denying a petition for prohibition does not establish the law of the case). Our review is de novo. *Kline v. JRD Mgmt. Corp.*, 165 So. 3d 812, 814 (Fla. 1st DCA 2015).

To determine the legal sufficiency of a motion to disqualify, we look to whether the facts, as alleged, would cause "the movant to have a well-founded fear that he or she will not receive a fair trial at the hands of that judge." *Parker v. State*, 3 So. 3d 974, 982 (Fla. 2009). A motion to disqualify must contain facts "germane to the judge's undue bias, prejudice, or sympathy." *Scott v. State*, 909 So. 2d 364, 367 (Fla. 5th DCA 2005). General and speculative assertions about a judge's attitude will not warrant relief. *Kraczuk v. State*, 92 So. 3d 195, 201 (Fla. 2012). Further, "the standards for disqualification do not turn on a demonstration of actual bias or partiality on the part of the judge or the judge's own perception of his or her impartiality. Rather, disqualification is required where the facts alleged and established, which must be taken as true, would place a reasonably prudent person in fear of not receiving a fair and impartial proceeding." *Kline*, 165 So. 3d at 814.

Erlinger alleged in her motion to disqualify that during the September 1, 2016 hearing on Federico's motions to hold Erlinger in contempt, the trial judge demonstrated bias and unlawfully prejudged the case by the following comments and conduct: (1) interrupting Erlinger's cross-examination of Federico and making

4

several comments, including "you just do what you want;" (2) loudly sighing and shaking his head during Erlinger's testimony; and (3) becoming an active participant in the proceedings by interrupting opposing counsel's cross-examination of Erlinger "to question and comment openly" on her testimony. On direct appeal, Erlinger adds that the trial judge made several highly questionable rulings after he denied the motion to disqualify, which further support the appearance of bias. Taking the facts alleged in her motion to disqualify as true, we hold that Erlinger failed to allege facts that would demonstrate an objectively reasonable fear she would not receive a fair and impartial proceeding.

We first address Erlinger's allegation that the trial judge's comment that she would "just do what she wants" was legally sufficient to require disqualification. While a judge may not prejudge a case, it is well-settled that a judge may form mental impressions and opinions during the course of hearing evidence. *Lukacs v. Ice*, 227 So. 3d 222, 224 (Fla. 1st DCA 2017) (citing *Minaya v. State*, 118 So. 3d 926, 929 (Fla. 5th DCA 2013)). Further, "mere characterizations and gratuitous comments, while offensive to the litigants, do not in themselves satisfy the threshold requirement of a well-founded fear of bias or prejudice." *Nassetta v. Kaplan*, 557 So. 2d 919, 921 (Fla. 4th DCA 1990). Taking Erlinger's allegations as true, the trial judge's comment that she would "just do what she wants" was a mere characterization of the trial judge's observation that Erlinger had repeatedly failed to comply with the court's orders on timesharing and was directly relevant to the contempt motion pending before the court. *See Lukacs*, 227 So. 3d at 224 ("[W]here a judge's comments are directed to the issue the court is currently handling, a motion to disqualify can be denied."). In a contempt proceeding, a trial judge necessarily considers evidence and testimony regarding whether a party has complied with orders of the court. Stated differently, the court must make a determination whether a party "does what he or she wants" instead of what the court has ordered the party to do.

Second, we find that the subjective fears expressed in Erlinger's allegations regarding the trial judge's non-verbal expressions do not provide grounds for disqualification. Though

judges should avoid making reactive facial and audible expressions during witness testimony, "[t]he question of disqualification focuses on those matters from which a litigant may reasonably question a judge's *impartiality*." *Pugliese v. Deluca*, 207 So. 3d 974, 976 (Fla. 4th DCA 2016) (citing *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332, 1334 (Fla. 1990)) (emphasis added). Erlinger's allegations regarding the judge's non-verbal expressions represent only a subjective fear and do not provide a well-founded fear of prejudice. *See Kraczuk*, 92 So. 3d at 201.

Third, we find both speculative and conclusory Erlinger's allegation that the trial judge was biased on grounds that the judge became an active participant in the proceedings by asking her questions during cross-examination. She neither describes the types of questions asked by the judge nor does she allege how those questions demonstrated bias or prejudice. *See Pugliese*, 207 So. 3d at 976.

Finally, Erlinger's allegation that following the September 1, 2016 hearing, the trial judge made several "highly questionable" rulings is not legally sufficient to require disqualification. It is axiomatic that "[a]dverse or unfavorable legal rulings, without more, are not legally sufficient grounds for disqualification." *Pilkington v. Pilkington*, 182 So. 3d 776, 779 (Fla. 5th DCA 2015) (citing *Correll v. State*, 698 So. 2d 522, 524-25 (Fla. 1997)). This is especially true when, as here, the party claiming bias has engaged in misconduct or contempt. *Clark v. Clark*, 159 So. 3d 1015, 1017 (Fla. 1st DCA 2015).

For these reasons, we conclude that the motion for disqualification was properly denied. The amended final judgment of dissolution is AFFIRMED.

WETHERELL and OSTERHAUS, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

6

Jennifer M. Erlinger, Jacksonville, pro se, Appellant.

Michael J. Korn of Korn & Zehmer, P.A., Jacksonville; and Brian G. Roberts of Roberts & Reiter, P.A., Jacksonville, for Appellee.