# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1328
Lower Tribunal Nos. 16-1219 & 14-13703
_____

**The Shir Law Group, P.A., et al.,**
Petitioners,

vs.

**Dario Carnevale, Esq., et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

ADR Miami, LLC, and Juan Ramirez Jr.; Robert E. Menje, PLLC, and Robert E. Menje (Pembroke Pines), for petitioners.

Kozyak Tropin & Throckmorton, LLP, and Javier A. Lopez, Tal J. Lifshitz, and John I. Criste, Jr., for respondents.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

LOGUE, J.

In this case's fourth interlocutory appearance in this Court,[1] Petitioners The Shir Law Group, P.A., Guy M. Shir, Esq., and Stuart J. Zoberg, Esq. (collectively, "the Shir Lawyers"), seek a writ of prohibition to disqualify the trial judge from further presiding over this action.

The Shir Lawyers argue they have a well-founded fear that the trial judge will not be fair and impartial based upon certain comments made by the judge. The comments were made during a two-day evidentiary hearing on their opponents' claim that the Shir Lawyers committed perjury in responding to an interrogatory.

In a motion to the trial court, the Shir Lawyers claimed knowledge of the redacted, confidential parts of a settlement agreement that they had unsuccessfully attempted to obtain through discovery. The interrogatory at issue asked the source of their knowledge. In their answer, the Shir Lawyers identified the source as their trial lawyer and asserted the attorney client privilege. At the hearing, after Mr. Shir and Mr. Zoberg had completed their testimony, but while several other witnesses remained to be called, the trial court made the following comments to the Shir Lawyers' counsel:

---

[1] See Shir Law Grp., P.A. v. Carnevale, 45 Fla. L. Weekly D1575 (Fla. 3d DCA July 1, 2020) (denying the Shir Lawyers' petition for prohibition to disqualify the trial judge); Shir Law Grp., P.A. v. Carnevale, 302 So. 3d 349 (Fla. 3d DCA 2019) (denying the Shir Lawyers' emergency petition for prohibition to disqualify the trial judge); Shir Law Grp., P.A. v. Carnevale, 271 So. 3d 152, 155 (Fla. 3d DCA 2019) (granting the Shir Lawyers' petition to quash carte blanche discovery order).

[G]etting back to your last statement, I am troubled by the fact that your client would testify to having knowledge of what can only be construed as part of what is contained in the unredacted settlement agreement from [a female attorney for a third party]. Yet, there is a sworn statement where he says it is attorney-client privilege. She does not represent him.

Secondly, there is testimony that he just stated that any information that he had regarding that document or the terms thereof came from conversations with you as his attorney. So that alone makes me question the veracity and truthfulness of his testimony.

I am going to continue listening to the rest of this afternoon's questions and I will be able to make a determination on this issue once I hear all of the information.

The test for determining the legal sufficiency of a motion for disqualification is whether the facts alleged would cause a reasonably prudent person to fear that he or she could not get a fair and impartial trial. The analysis must focus on what a reasonably prudent person would believe, not on the subjective fears of the movant or the subjective intent of the judge. Law Offices of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n, 229 So. 3d 408, 409 (Fla. 3d DCA 2017), approved, 271 So. 3d 889 (Fla. 2018).

The Shir Lawyers assert that the trial judge's comments fall within the line of authority holding that disqualification is required when the comments made by the judge indicate that he or she has prejudged the case or is biased. See Pilkington v. Pilkington, 182 So. 3d 776, 779 (Fla. 5th DCA 2015). Specifically, the Shir Lawyers cite to the principle that

3

[t]he judge's commentary concerning the credibility of the petitioner . . . , before the completion of the petitioner's direct examination or presentation of any witnesses in support of her case, is sufficient to create in a reasonably prudent person a well-founded fear that she would not receive a fair hearing before this judge.

S.S. v. Dep't of Children & Families, 298 So. 3d 1184, 1185 (Fla. 3d DCA 2020) (citing Brown v. St. George Island, Ltd., 561 So. 2d 253, 257 n.7 (Fla. 1990)).

This line of authority, however, is tempered by a further line of cases. "While a judge may not prejudge a case, it is well-settled that a judge may form mental impressions and opinions during the course of hearing evidence." Erlinger v. Federico, 242 So. 3d 1177, 1181 (Fla. 1st DCA 2018) (citing Lukacs v. Ice, 227 So. 3d 222, 224 (Fla. 1st DCA 2017)). The comments here—made only after the two main witnesses, Mr. Shir and Mr. Zoberg, had completed their testimony—bore narrowly on the issue before the trial court, namely whether the Shir Lawyers had committed perjury in their answers to the interrogatory. See Lukacs, 227 So. 3d at 224 (contrasting circumstances where disqualification was appropriate because the comments on credibility were unnecessary to resolve the issue before the court to circumstances where disqualification was not appropriate "where a judge's comments are directed to the issue the court is currently handling").

Moreover, the trial court's comments were coupled with the following statement: "I am going to continue listening to the rest of this afternoon's questions and I will be able to make a determination on this issue once I hear all of the

4

information." Thus, the court qualified its comments with an indication that it was withholding judgment until all evidence has been presented and considered. On balance, a reasonably prudent person would understand that the trial court's comments as no more than the sharing of the sort of interim mental impressions which are a natural part of the decision making process—and not as an indication that the trial judge had prejudged the case. Pilkington, 182 So. 3d at 779.

Petition denied.