# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2023-3374
LT Case No. 2019-CF-003140-A

———————————————————

VINZETT LAMAR WATKINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————————

3.850 Appeal from the Circuit Court for Lake County.
Lawrence J. Semento, Judge.

Vinzett Lamar Watkins, Sneads, pro se.

Ashley Moody, Attorney General, Tallahassee, and Richard A.
Pallas, Jr., Assistant Attorney General, Daytona Beach, for
Appellee.

June 7, 2024

HARRIS, J.

In September 2021, Appellant, Vinzett Watkins pled no
contest to a charge of Writing Threats to Kill or to do Bodily Injury.
He was adjudicated guilty and sentenced to 11 months and 29 days
in jail, followed by two years of probation. A year later, an amended
affidavit of violation of probation was filed, alleging that Appellant
violated probation conditions 2, 3, 4, and 5. A violation of probation

(VOP) hearing was conducted, and the court found that Appellant had in fact violated probation.

Appellant subsequently filed a Florida Rule of Criminal Procedure 3.850 Motion for Postconviction Relief raising three grounds: that his counsel was ineffective for failing to file a motion to disqualify the trial court judge; that trial counsel was ineffective for failing to argue that the threatening letter was a forgery; and that his plea was involuntary. The court entered an order summarily denying Appellant's motion.

The standard of review for a summary denial of a rule 3.850 motion is *de novo*. *Lebron v. State*, 100 So. 3d 132, 133 (Fla. 5th DCA 2012). The trial court must grant an evidentiary hearing unless the allegations are not pled with sufficient detail, are conclusively refuted by the record, or are legally insufficient. *Id.*

Pursuant to the United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for an ineffective assistance of counsel claim to be successful, the defendant must establish both deficient performance and prejudice. Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* There is a strong presumption that counsel's performance was not ineffective and it is up to the defendant to present evidence to overcome this presumption. *Id.* at 689.

To establish prejudice when a defendant has entered a plea, the defendant must demonstrate "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Grosvenor v. State*, 874 So. 2d 1176, 1179 (Fla. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In determining whether there is a reasonable probability that a defendant would have proceeded to trial in lieu of a plea, the court should look at "the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference

between the sentence imposed under the plea and the maximum possible sentence the defendant faced at trial." *Grosvenor*, 874 So. 2d at 1181–82.

Appellant first argued that counsel was ineffective for allowing him to be prosecuted in Lake County. Because Appellant was charged with writing a threatening letter to a Lake County judge, he argued that he could not be prosecuted in Lake County. Appellant argued that counsel was ineffective for failing to file a motion to disqualify Judge Metz from his case, and had counsel done so, Appellant would not have entered his plea and would have proceeded to trial.

The postconviction court noted the general standard for disqualification of a judge, that adverse rulings are not a sufficient basis, and concluded that Appellant's proposed motion for disqualification would not have been meritorious; therefore, counsel was not ineffective for failing to file such a motion. The court also generally found that Appellant had not articulated a claim satisfying the relevant legal standards.

Generally, "disqualification is required where the facts alleged and established, which must be taken as true, would place a reasonably prudent person in fear of not receiving a fair and impartial proceeding." *Erlinger v. Federico*, 242 So. 3d 1177, 1181 (Fla. 1st DCA 2018) (citing *Kline v. JRD Mgmt. Corp.*, 165 So. 3d 812, 814 (Fla. 1st DCA 2015)). However, "[g]eneral and speculative assertions about a judge's attitude will not warrant relief." *Erlinger*, 242 So. 3d at 1181 (citing *Krawczuk v. State*, 92 So. 3d 195, 201 (Fla. 2012)). Rather than cite to any specific facts, Appellant merely argued that because the victim had been a judge in the county, all judges in that county had to be disqualified. This sort of sweeping generalization is insufficient to warrant disqualification, and counsel was not ineffective for failing to file the motion. Accordingly, we conclude that this ground was properly denied.

Appellant next argued that counsel was ineffective for failing to argue that the threatening letter was actually forged. According to Appellant, he told counsel the letter had been forged, and identified several witnesses who would testify that forgery was an

3

ongoing problem at the correctional facility wherein he was held. Appellant listed three officers from the prison, as well as the victim. Had those witnesses been called, Appellant argued, he would not have entered a plea and would have proceeded to trial.

On appeal, Appellant notes that the court did not specifically address this ground in its order and argues that the ground should either be addressed or set for an evidentiary hearing. Insofar as forgery would mean someone else made the letter, it would sensibly be a valid defense to the convicted crime. § 836.10(2), Fla. Stat. (2021). Furthermore, with no records attached by the postconviction court, there is no record by which this claim could be conclusively refuted. *See Henry v. State*, 305 So. 3d 803, 805–06 (Fla. 5th DCA 2020) (citing *Nordelo v. State*, 93 So. 3d 178, 184 (Fla. 2012)). Although Appellant is challenging the underlying conviction, not the revocation proceedings, the motion is nonetheless timely from both judgments. Fla. R. Crim. P. 3.850(b). Accordingly, we reverse and remand for this ground to be explicitly addressed below. *See Robertson v. State*, 862 So. 2d 102, 103–04 (Fla. 2d DCA 2003).

Finally, Appellant argued that his plea was involuntary. According to Appellant, he was never informed that if he violated probation, he could be sentenced up to the statutory maximum for the crime. He was also unaware he would later be designated a violent felony offender of special concern.

As with ground two, this ground was not explicitly addressed in the trial court's order. The only record provided here, attached by Appellant rather than the court, is the written plea agreement, and that form does not cover the ramifications for violating probation. As there are no records conclusively refuting this ground, the summary denial of this ground is also reversed and remanded for reconsideration. *See Smith v. State*, 968 So. 2d 675, 677 (Fla. 4th DCA 2007).

We affirm the summary denial of the first ground, *see Krawczuk*, 92 So. 3d at 201 (quoting *Parker v. State*, 3 So. 3d 974, 982 (Fla. 2009)), but reverse and remand for reconsideration of grounds two and three. *See* Fla. R. App. P. 9.141(b)(2)(D).

AFFIRMED in part; REVERSED in part; REMANDED with instructions.


SOUD and PRATT, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————