# Third District Court of Appeal
## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D25-0671, 3D25-0777, 3D25-0778, 3D25-0782
Lower Tribunal Nos. 23-2802-CC-25, 20-8282-SP-25, 21-5662-SP-25, 20-8641-SP-25.

_____

## Dade Medics and Rehab Centers LLC, etc., et al.,
Petitioners,

vs.

## Progressive American Insurance Company, et al.,
Respondents.

Cases of Original Jurisdiction – Prohibition.

George A. David, P.A., and George A. David, for petitioners.

Banker Lopez Gassler, P.A., and DeeAnn J. McLemore (St. Petersburg), for respondents.

Before LOGUE, GORDO and BOKOR, JJ.

GORDO, J.

In these consolidated cases, Petitioners Dade Medics and Rehab Centers a/a/o Carlos Rodriguez, Manuel V. Feijoo, M.D., P.A. a/a/o Junior Milian Leiva, Manuel V. Feijoo, M.D., P.A. a/a/o Laura Perez and Manuel V. Feijoo, M.D., P.A. a/a/o Humberto Veliz filed petitions seeking writs of prohibition to preclude the trial court from continuing to preside over the proceedings below. We have jurisdiction.[1] Fla. R. App. P. 9.100; 9.030(b)(3). We deny the petitions as the Petitioners' disqualification motions were both untimely and legally insufficient. See Melvin v. Progressive Select Ins. Co., 346 So. 3d 1195, 1195 (Fla. 1st DCA 2021) ("In an original proceeding for prohibition, we do not resolve disputed issues of fact; we consider only whether the motion for disqualification (filed with the trial court) was legally sufficient and whether the order denying the motion was correct."); Valdes-Fauli v. Valdes-Fauli, 903 So. 2d 214, 216 (Fla. 3d DCA 2005) ("Allegations in a motion to recuse or disqualify a trial judge are reviewed under a *de novo* standard as to whether the motion is legally sufficient as a matter of law. A motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent

---

[1] "A petition for writ of prohibition is the appropriate vehicle to test the validity of the denial of a motion for disqualification." Kline v. JRD Mgmt. Corp., 165 So. 3d 812, 813 (Fla. 1st DCA 2015) (quoting Caleffe v. Vitale, 488 So. 2d 627, 627 (Fla. 4th DCA 1986)).

2

person a well-founded fear of not receiving a fair and impartial trial."); Fla. R. Gen. Prac. & Jud. Admin. 2.330(g) ("A motion to disqualify shall be filed within a reasonable time not to exceed 20 days after discovery by the party or party's counsel, whichever is earlier, of the facts constituting the grounds for the motion.").

Petitions denied.