CASANUEVA, Judge.
The State appeals the trial court’s order suppressing the statements made by Mark A. Dungan Carpenter during an interview with members of the Sarasota County Sheriffs Office. The court ruled that law enforcement had Mr. Carpenter in custody and had failed to give him his Miranda[1] warnings before eliciting his incriminating statements. Because we conclude that the trial court applied the incorrect legal standard, we reverse.
A person cannot be compelled to be a witness against himself, so the constitutional protections afforded by Amendment V to the United States Constitution and by article I, section 9 of the Florida Constitution are “fully applicable during a period of custodial interrogation.” Ramirez v. State, 739 So.2d 568, 572 (Fla.1999). To determine whether these protections apply, the supreme court has “adopted an objective, reasonable-person framework in determining whether a suspect was in custody” while he was being interrogated. Peterson v. State, 94 So.3d 514, 2012 WL 1722581 (Fla.2012) (citing Ross v. State, 45 So.3d 403, 415 (Fla.2010), cert. denied,, — U.S. —, 131 S.Ct. 925, 178 L.Ed.2d 803 (2011)). “The ultimate inquiry is twofold: (1) the ‘circumstances surrounding the interrogation’; and (2) ‘given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave.'” Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)) (emphasis added).
But in this case, the trial court did not use a reasonable person standard. It erroneously concluded in its written order that “[t]his analysis is subjective[,] not objective.” The court compounded the error by concluding that “in the mind of the Defendant, he was not free to leave.” The trial court should have applied an objective standard.[2]
Accordingly, we reverse the trial court’s order of suppression and remand for further consideration utilizing the objective, reasonable person standard. Additionally, the trial court is directed to consider and rule upon Mr. Carpenter’s pending suppression claims so that should there be a subsequent appeal by either party, the issues may be considered at one time and not in a piecemeal manner.
Reversed and remanded with instructions.
SILBERMAN, C.J., and KELLY, J., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. To aid in its "ultimate inquiry,” the trial court properly utilized four factors that our supreme court has provided to analyze relevant case-specific facts. See Peterson, 94 So.3d at 527-28 (quoting Ross, 45 So.3d at 415). However, the trial court erroneously viewed the facts from a subjective viewpoint. We cannot determine whether the trial court would have come to the same result if it had utilized the proper objective standard.