PER CURIAM.
This petition for writ of prohibition seeks disqualification of the trial judge in a dissolution of marriage case. Concluding that the trial-judge correctly ruled that the motion to disqualify was legally insufficient, we deny the petition.
After entering an initial order dissolving the parties’ marriage on May 12, 2014, the trial judge reserved jurisdiction to rule on the financial issues and entered a supplemental final judgment on October 27, 2014. The former husband then filed a motion to disqualify the trial judge pursuant to Florida Rule of Judicial Administration 2.330(f) which contained two overall claims: first, that the supplemental final judgment itself showed bias against the former husband because it substantially mirrored the former. wife’s proposed supplemental final judgment and discounted the credibility of one of the former husband’s witnesses, and second, that the trial judge later made comments to one of the former husband’s witnesses evincing bias.
The motion asserted that both parties retained Certified Public Accountants (CPAs) to testify at trial. In the supplemental final judgment, the judge referred to the former husband’s CPA as a “friend who is also an accountant” and stated that he had “not placed much credibility on the testimony of [the former husband’s] friend and accountant.” The motion asserted that the Supplemental Final Judgment did not discount the credibility of the former wife’s CPA and simply referred to him as a “CPA.” The motion stated that after the supplemental final judgment issued, the former husband’s CPA sent the trial judge a letter “explaining that he felt the Court had belittled and diminished his credentials, in comparison to the Former Wife’s retained expert, when both persons were CPAs with similar credentials.”
*1017 The motion went on to claim that the trial judge subsequently called the former husband’s CPA “apparently to apologize for the lack of proper recognition and for the disparate treatment in the Judgment,” and that during that conversation the judge told the CPA “that this was a difficult case and because the [sic] time that had elapsed since trial, he basically had to pick one proposed order over the other, and he chose to enter (virtually verbatim) the proposed order submitted by the Former Wife, while anticipating that one party or the other would almost certainly appeal the Judgment.” In the petition for writ of prohibition, the petitioner argues that these facts, coupled with the trial judge’s acceptance of the terms of the former wife’s proposed supplemental final judgment, demonstrate the judge’s bias against the former husband in this matter. We disagree.
“In order to decide whether [a motion to disqualify] is legally sufficient, ‘[a] determination must be made as to whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.’ ” MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1334-35 (Fla.1990) (citing Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). It is well-settled that adverse rulings are insufficient to show bias. See, e.g., Correll v. State, 698 So.2d 522, 524-25 (citing Barwick v. State, 660 So.2d 685, 692 (Fla.1995), cert. denied, 516 U.S. 1097, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996)); Jackson v. State, 599 So.2d 103, 107 (Fla.1992).
The petitioner’s allegations about the supplemental final judgment discounting the credibility of the petitioner’s witness and tracking the language of the respondent’s proposed supplemental, final judgment amount to no more than complaints over an adverse ruling. The trial judge’s purported statements to the petitioner’s witness are also insufficient to show bias. If anything, the judge’s statement that this was a “difficult case” and that he just “had to pick one proposed order over the other” in the end showed a total lack of bias toward either party.
PETITION DENIED.
THOMAS, CLARK, and WETHERELL, JJ., concur.