# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0448
Lower Tribunal No. 16-8308
_____

**Aymara Sorhegui,**
Petitioner,

vs.

**Park East Home Owners Association, Inc.,**
Respondent.

A Case of Original Jurisdiction—Prohibition.

Aymara Sorhegui, in proper person.

Becker & Poliakoff, P.A., and Lilliana M. Farinas-Sabogal, for respondent.

Before SCALES, MILLER, and LOBREE, JJ.

MILLER, J.

The issue presented in this petition for writ of prohibition is whether the allegation that the opposing counsel's law firm hosted a judicial fundraiser for the trial judge, coupled with proof of adverse rulings and nominal personal campaign contributions, is legally sufficient to warrant disqualification. We conclude it is not and write only to reiterate several well-entrenched principles of Florida law.

"[S]o long as a state chooses to select its judges by popular election, it must condone to some extent the collection and expenditure of money for campaigns." Cini v. Cabezas, 343 So. 3d 1282, 1283 (Fla. 3d DCA 2022) (alteration in original) (quoting Stretton v. Disciplinary Bd. of Sup. Ct. of Pa., 944 F.2d 137, 144 (3d Cir. 1991)). In accord with this principle, this court and others have recognized that "a contribution within the statutory limitations, in and of itself, does not create an appearance of impropriety or a disqualifying conflict." Cini, 343 So. 3d at 1283; see also Benitez v. Benitez, 272 So. 3d 529, 529 (Fla. 3d DCA 2019). To hold otherwise would intolerably and unnecessarily obstruct the ability to conduct judicial business in a state like Florida where judicial officers must fund their re-election campaigns with campaign contributions. See City of Las Vegas Downtown Redevelopment Agency v. Eighth Jud. Dist. Ct. ex rel. County of Clark, 5 P.3d 1059, 1062 (Nev. 2000).

In the instant case, petitioner alleged in the disqualification motion filed below that the law firm hosted a fundraiser, two attorneys involved in the case nominally contributed to the re-election campaign, and the judge issued adverse rulings. Appended to the motion was a photograph, posted on social media, in which the judge appeared with firm attorneys at the fundraiser.

These allegations, without more, were insufficient to establish "the threshold [disqualification] requirement of a well-founded fear of bias or prejudice." Wargo v. Wargo, 669 So. 2d 1123, 1124 (Fla. 4th DCA 1996); see also Samra v. Bedoyan, 299 So. 3d 1138, 1141 (Fla. 3d DCA 2020) ("[A] judge's adverse rulings or factual findings following an evidentiary hearing cannot ordinarily serve as a basis for a party to seek to disqualify the trial judge."); JJN FLB, LLC v. CFLB P'ship, LLC, 283 So. 3d 922, 925 (Fla. 3d DCA 2019) (quoting Clark v. Clark, 159 So. 3d 1015, 1017 (Fla. 1st DCA 2015)) ("[I]t is equally 'well-settled that adverse rulings are insufficient to show bias.'"). Accordingly, we deny the petition.

Petition denied.