DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

FLORIDA HOMEOWNER EQUITY AND LOST PROPERTY, LLC,

Appellant,

v.

NATALIE CHRISTINA FAIRCHILD as personal representative of the Estate of William A. Fairchild a/k/a William Alfred Fairchild, deceased; THE UNKNOWN HEIRS, GRANTEES, DEVISEES, LIENORS, TRUSTEES, AND CREDITORS of William A. Fairchild a/k/a William Alfred Fairchild; and U.S. BANK NATIONAL ASSOCIATION, as Trustee for BNC Mortgage Loan Trust 2006-2, Mortgage Pass-Through Certificates Series 2006-2,

Appellees.

No. 2D2024-1332
_____

August 29, 2025

Appeal from the Circuit Court for Hillsborough County; Emily A. Peacock, Judge.

Kevin J. Loftus of The Loftus Firm, LLC, Jacksonville, for Appellant.

Matthew D. Weidner of Weidner Law, P.A., St. Petersburg, for Appellee Natalie Fairchild.

No appearance for remaining Appellees.

MOE, Judge.

Florida Homeowner Equity and Lost Property, LLC (Florida HELP), appeals a Final Judgment entered on December 13, 2023.  We have

jurisdiction.  Art. V, § 4(b)(1), Fla. Const.  We affirm, writing only to address Florida HELP's arguments relating to disqualification.

Florida HELP, a third-party intervenor in this mortgage foreclosure proceeding, filed three separate motions to disqualify the trial judge.  The first motion to disqualify, filed on March 25, 2024, was denied on March 28, 2024 (the "First Motion").  The second was filed on April 3, 2024, and denied the same day (the "Second Motion").  The third was filed on April 24, 2024, and denied on May 1, 2024 (the "Third Motion").  On appeal, Florida HELP argues that the trial court erred in denying all three motions to disqualify.

Florida HELP contends that the trial judge evidenced bias when, in the course of a September 11, 2023, hearing, the judge commented that Florida HELP's lawyer should "extricate" himself from the case.  As a threshold matter, this argument on appeal differs from Florida HELP's arguments raised in the motions to disqualify.  Because Florida HELP did not raise this argument below, it has not been preserved for appeal and may only be reviewed for fundamental error.  *See F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003).  An error is fundamental where it "goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process."  *Id.* (quoting *J.B. v. State*, 705 So. 2d 1376, 1378 (Fla. 1998)).  "The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application."  *Id.* (quoting *Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988)).

Florida HELP also failed to meet its appellate burden on the merits.  "In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to

demonstrate error." *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). Under Florida Rule of General Practice and Judicial Administration 2.330, the factors to consider in an analysis of legal sufficiency are numerous and the trial court's ability to elaborate on its reasoning is limited. To demonstrate that the trial judge erred in its conclusion that a motion to disqualify was legally insufficient, the appellant must necessarily demonstrate that the motion <u>was</u> legally sufficient. *See, e.g.*, *Gregory v. State*, 118 So. 3d 770, 778-79 (Fla. 2013) (affirming trial court's denial of appellant's motion to disqualify the judge as legally insufficient where appellant failed to establish the legal sufficiency of the motion). Therefore, it follows that if an appellant fails to demonstrate that a motion to disqualify was legally sufficient in all respects, then the appellant has not carried its appellate burden.

Here, Florida HELP failed to show any error, much less fundamental error. First, Florida HELP failed to show that any of the motions to disqualify were timely if the basis for disqualification, as argued on appeal, was the comment made by the trial judge during the September 11, 2023, hearing. Rule 2.330(g) mandates that a motion to disqualify must be filed within a reasonable time, not to exceed twenty days after the movant becomes aware of the facts constituting the grounds for disqualification. The First Motion was not filed until March 25, 2024, over six months after the comment was made. Second, Florida HELP alleged bias stemming from prior adverse rulings by the trial judge, yet "[i]t is well-settled that adverse rulings are insufficient to show bias." *Clark v. Clark*, 159 So. 3d 1015, 1017 (Fla. 1st DCA 2015). Third, Florida HELP also failed to establish an objectively reasonable belief that the trial judge was biased based on the comment made during the hearing.

On this third point, it is important to recognize that reasonableness is an objective standard. *State v. Carpenter*, 93 So. 3d 429, 430 (Fla. 2d DCA 2012) (equating reasonable and objective); *Jimenez v. Ratine*, 954 So. 2d 706, 708 (Fla. 2d DCA 2007) (reiterating that a motion to disqualify must be granted if "the facts alleged 'would place a reasonably prudent person in fear of not receiving a fair and impartial trial' " (quoting *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332, 1335 (Fla. 1990))); *see also Peterson v. State*, 94 So. 3d 514, 527-28 (Fla. 2012) (equating "reasonable" and "objective" standards). This means that it is not enough for Florida HELP to allege that the trial judge's comments made Florida HELP feel afraid that the judge could be biased. As a matter of law, "[t]he subjective fear of a party seeking the disqualification of a judge is not sufficient." *Parker v. State*, 3 So. 3d 974, 982 (Fla. 2009).

Florida HELP alleges that its fear of bias arose when the trial judge said that Florida HELP's lawyer should "extricate" himself from the case. To determine if a reasonably prudent person would hear such a comment and be placed in fear that the judge was biased, we must consider the context in which the comment was made. *See, e.g., Peterson*, 94 So. 3d at 527-28 (discussing the importance of context, when judging conduct by "an objective, reasonable-person framework"). In this instance, the trial judge commented that Florida HELP's counsel should extricate himself from the case as part of a hearing conducted on a motion to sanction Florida HELP and its attorneys for fraud on the court.

Prior to the comment in question, the judge had been informed that Florida HELP "laid claim to more than $156,000 of funds that were held by the Hillsborough County Clerk of Court" based on a "very suspicious" signature of someone who testified under oath and filed affidavits

4

swearing that the signature was not hers, and "it doesn't even attempt to be any reasonable facsimile or copy of her signature." Florida HELP allegedly failed to provide "any reasonable explanation whatsoever" and failed to "turn over any records which support legitimate communication with" the alleged signatory. The defendant demanded that the judge impose sanctions on Florida HELP and its counsel, given that "[t]he entirety of [Florida HELP]'s actions in this case are a fraud upon this court" and that Florida HELP's counsel had "a duty to investigate the assertions that the entirety of their client's actions are nothing but fraud on the court."

When viewed in this context, Florida HELP did not establish that it was objectively reasonable to conclude that the comment was reflective of bias. Indeed, the comment was consistent with the professional obligations of a member of the Florida Bar if the client has committed fraud on the court. "Comments from the bench—even unflattering remarks—which reflect observations or mental impressions are not legally sufficient to require disqualification." *See Pilkington v. Pilkington*, 182 So. 3d 776, 779 (Fla. 5th DCA 2015); *see also* R. Regulating Fla. Bar 4-1.16.

Affirmed.

LaROSE and KHOUZAM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.

5